**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgar TOBON–HERNANDEZ,**
**Defendant–Appellant.**

**No. 86–6013.**

United States Court of Appeals,
Eleventh Circuit.

May 16, 1988.

---

**278**

Lisa A. Rosenthal, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Leon Kellner, U.S. Atty., Mayra Reyler Lichter, Linda Collins Hertz, Kenneth Noto, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and MARKEY*, Chief Circuit Judge.

HATCHETT, Circuit Judge.

Appellant, Edgar Tobon–Hernandez, appeals an order of the district court imposing two concurrent sentences on cocaine conspiracy and possession charges. Finding that the government violated the plea agreement, we affirm in part, vacate the sentences, and remand for resentencing.

## FACTS

On April 10, 1986, federal law enforcement agents observed a blue Monte Carlo automobile, driven by a male, leaving a residence in Pembroke Pines, Florida. The automobile proceeded to a shopping center where the driver met with the appellant, Edgar Tobon–Hernandez. After Tobon–Hernandez took the keys to the automobile and drove away from the shopping center, the agents stopped the automobile, searched it pursuant to consent, and discovered 13.9 kilograms of cocaine. Following the discovery of the 13.9 kilograms of cocaine in the automobile, the agents procured a search warrant for the residence in Pembroke Pines. Upon execution of the search warrant at the house, the agents discovered 432.5 kilograms of cocaine.

## PROCEDURAL HISTORY

A grand jury indicted Tobon–Hernandez on charges of conspiracy to possess with intent to distribute a quantity of cocaine in excess of 1 kilogram (Count I); possession with intent to distribute approximately 14 kilograms of cocaine (Count II); and possession with intent to distribute approximately 410 kilograms of cocaine (Count III). 21 U.S.C. § 841(a)(1), § 846. Tobon–Hernandez pleaded guilty to Counts I and II of the indictment in exchange for dismissal of Count III, the charge relating to possession of the cocaine within the house. In a plea agreement, the prosecutor and Tobon–Hernandez stipulated that the conspiracy count pertained only to the 14 kilograms of cocaine found in the automobile because no evidence directly linked Tobon–Hernandez to the house.

At the sentencing hearing, the government presented evidence of the 432 kilograms of cocaine found in the house. The district court did not consider the evidence of the 432 kilograms of cocaine found in the house in connection with the possession charge in Count II; the district court did, however, consider the evidence of the 432 kilograms of cocaine found in the house in connection with the conspiracy charge in Count I. The district court sentenced Tobon–Hernandez to 15 years on Count I and 15 years on Count II, the sentences to run concurrently. As a result of his sentences,

---

* Honorable Edward T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designa-        tion.

Tobon–Hernandez received an offense severity rating of category 8, rather than category 7. This increase in category substantially affected his potential for parole.

Tobon–Hernandez contends that the government violated the plea agreement by introducing evidence of the 432 kilograms of cocaine found in the house. He also contends that his lawyer rendered ineffective assistance due to a conflict of interest stemming from the fact that a third party paid his lawyer's fee.

Tobon–Hernandez also contends that his guilty plea was not voluntarily entered and that he should be allowed to withdraw the guilty plea due to the violation of the plea agreement.

The government contends (1) that the plea agreement merely barred consideration of the 432 kilograms of cocaine in the house in relation to the possession count; (2) that the evidence of the cocaine in the house was properly admitted for the purpose of the conspiracy count; and (3) that Tobon–Hernandez failed to show actual prejudice arising from his lawyer's alleged conflict of interest.

## ISSUES

The issues are: (1) whether Tobon–Hernandez voluntarily, knowingly, and intelligently entered the guilty pleas, (2) whether the government breached the plea agreement, and (3) whether a conflict of interest prejudiced Tobon–Hernandez.

## DISCUSSION

### I.

Federal Rule of Criminal Procedure 11 sets forth the procedure for entering a plea of guilty and for entering into a valid plea agreement. Pursuant to rule 11, the district court informed Tobon–Hernandez that the charges against him were limited to the conspiracy count and the possession count relating only to the 14 kilograms of cocaine found in the automobile. In addition, the district court informed Tobon–Hernandez of the potential sentences involved in each of these counts, informed him that through his plea he waived several constitutional rights in addition to his right to appeal, and adequately investigated his competence to enter into a plea agreement.

In order to clarify the scope of the conspiracy charge, defense counsel stated to the court at the rule 11 hearing, *"We agreed and stipulated that the conspiracy only pertains to Count II of the 14 kilos approximately found in the car."* (Emphasis added.) When the district court asked the prosecutor to confirm defense counsel's version of the stipulation which limited the conspiracy count to the 14 kilograms found in the automobile, the prosecutor replied, *"Your Honor, I would agree with that; ... so, I would agree with the statement as far as we are concerned with the conspiracy. We have no problem tying that in solely to Count II."* (Emphasis added.)

■ Due to the district court's thorough inquiry pursuant to rule 11, we hold that Tobon–Hernandez voluntarily and knowingly pleaded guilty to Counts I and II in exchange for dismissal of Count III and a stipulation that the conspiracy charge in Count I would relate only to the 14 kilograms of cocaine found in the automobile.

### II.

At the sentencing hearings, contrary to the agreement to limit the conspiracy charge in Count I to the 14 kilograms of cocaine found in the automobile, the government introduced evidence of the 432 kilograms of cocaine found in the house. Likewise, the presentence investigation report included evidence of the cocaine in the house. At sentencing, Tobon–Hernandez's counsel objected to the evidence regarding the 432 kilograms of cocaine. In reply, the district court stated, "So that the record is clear, I am not taking into consideration in my sentencing that the defendants were in actual or in constructive possession of what was in the house." Defense counsel questioned, "Will Your Honor take that into consideration as to the conspiracy charge?" The court responded, "I have to take into consideration the conspiracy, the overall

transaction of the participants." ** Therefore, the district court imposed a sentence for a conspiracy involving not only the 14 kilograms in the automobile, but also the 432 kilograms in the house. Had the government complied with the plea agreement, the district court would not have imposed a sentence based on a conspiracy involving the cocaine in the house.

█ The government correctly cites two cases which hold that a sentencing court may exercise wide discretion and consider evidence of crimes for which the defendant has not been charged in imposing a sentence. *United States v. Martinez*, 584 F.2d 749, 750 (5th Cir.1978); *United States v. Bowdach*, 561 F.2d 1160, 1165 (5th Cir. 1977). These cases are inapposite, however, because they deal with the sentencing court's role. In this case, we do not address the district court's exercise of discretion in imposing a sentence. Rather, we focus on the government's violation of its plea agreement. In this case, the government and Tobon–Hernandez entered into an explicit plea agreement which stipulated that the conspiracy charge related only to the 14 kilograms of cocaine found in the automobile. Such a stipulation may not have been required by law; such an agreement may not have been wise; but, the government agreed; the government is held to its agreements. As a direct result of the government's breach of the plea agreement through the introduction of evidence relating to the kilograms of cocaine found in the house, the district court imposed a sentence on the conspiracy count involving an amount of cocaine greater than that stipulated to in the plea agreement.

The facts in this case are similar to the facts in *United States v. Nelson*, 837 F.2d 1519 (11th Cir.1988). In *Nelson*, the government entered into a plea agreement which stipulated to certain facts. The government in *Nelson* submitted a presentence investigation report which stated facts contrary to those stipulated to in the plea agreement. Although the district court in *Nelson* stated that it would not consider the contrary facts in the presentence investigation report, we remanded for resentencing, finding that the district court's abstention from consideration of the contrary facts was insufficient for two reasons. The first reason was that the United States Supreme Court, in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), vacated a conviction in a similar case notwithstanding the sentencing judge's statement that the violation of the plea agreement would not influence sentencing.

The second reason for remanding for resentencing in *Nelson* was that the district court's actions did not bind probation and parole authorities. This second reason is important in this case. Federal regulations assign an offense severity rating of 8, for purposes of parole, if an offense involves over 15 kilograms of cocaine. If the offense involves between 5 and 15 kilograms, however, the offense severity rating is reduced to 7 with the possibility of further downgrade to 6 if the offender plays only a peripheral role in the offense. *See* 28 C.F.R. § 2.20. A rating of 7 instead of 8 potentially reduces total confinement time substantially due to the fact that rating 8 is the most severe. In fact, rating 8 is the only rating which carries no upper limit on customary total time to be served before release. 28 C.F.R. § 2.20.

█ Two remedies are available for the government's breach of its plea agreement. The first is specific performance of the agreement. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. Specific performance entitles Tobon–Hernandez to a resentencing by a different judge in accordance with the plea agreement. The second remedy is withdrawal of the plea of guilty. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. The majority in *Santobello* did not hold that a

---

** As can be seen from these statements, neither the prosecutor nor the defense counsel sought to clarify what the plea agreement encompassed. Nevertheless, we must consider the record as we find it. One way of viewing this case is that confusion arose about the intent of the parties when entering the plea agreement and counsel did nothing to clear up the confusion.

defendant's choice of remedy for a breach of a plea agreement was binding on the court. Rather, the remedy for a breach of a plea agreement is within the sound discretion of the court. *United States v. Nelson*, 837 F.2d 1519, 1525 n. 3 (11th Cir. 1988); *In Re Arnett*, 804 F.2d 1200, 1204 (11th Cir.1986) (citing *Santobello* for the proposition that the fashioning of the remedy when the government breaches the plea agreement is within the court's discretion). We exercise our discretion, as we did in *Nelson*, in favor of specific performance. Tobon–Hernandez knowingly and voluntarily entered his guilty plea. To allow him to withdraw that plea and proceed to trial would be unwarranted. Rather, his voluntary plea agreement should bind him just as it binds the government.

Because we hold that the government's breach of the plea agreement entitles Tobon–Hernandez to specific performance of the plea agreement, resentencing is required. At resentencing, the district court should consider only the evidence of cocaine in the automobile when determining a sentence on the conspiracy count. Any presentence report should likewise relate only to the cocaine in the automobile.

### III.

Tobon–Hernandez's final contention is that he was denied effective assistance of counsel because his counsel was paid by a third party whose interests conflicted with his own. The government correctly argues that the payment of legal fees by a third party does not automatically rise to the level of a conflict of interest. Tobon–Hernandez has not produced any evidence that his lawyer represented anyone's interests other than his own. Because conflict of interest must be actual, and not speculative, Tobon–Hernandez's conflict of interest claim must fail. *Burger v. Kemp*, 753 F.2d 930, 941 (11th Cir.1985). Additionally, due to the under-developed record, the resolution of the conflict of interest issue may be better resolved in collateral proceedings. *See United States v. Petz*, 764 F.2d 1390, 1394 (11th Cir.1985).

Accordingly, Tobon–Hernandez's convictions are affirmed. The sentences are vacated, and the case is remanded for resentencing by another judge in compliance with the plea agreement.

AFFIRMED in part and VACATED and REMANDED.