No. 91-468

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

          Plaintiff and Respondent,

   -vs-

MICHAEL JOSEPH "MICK" JACOBSON,

          Defendant and Appellant.


APPEAL FROM:   District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Leonard J. Haxby and Christine D. Somers, Butte,
          Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General, Helena, Montana
          Elizabeth L. Griffing, Assistant Attorney General
          Robert M. McCarthy, County Attorney; Brad Newman,
          Deputy, Butte, Montana


Submitted on Briefs:  Jan. 16, 1992

Decided:  February 25, 1992

FILED

FEB 2 5 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
        / Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Michael Joseph "Mick" Jacobsen (Jacobsen) appeals a judgment of the Second Judicial District of the State of Montana, Butte-Silver Bow County, which imposed a sentence on Jacobsen greater than what was recommended in a plea-bargain agreement. We affirm.

Jacobsen presents the following issue:

Did the District Court err by imposing a sentence greater than that recommended in the plea-bargain agreement?

On April 18, 1991, Jacobsen was charged by information with two counts of burglary. By separate information on April 18, 1991, Jacobsen was charged with one count of criminal possession of dangerous drugs with intent to sell. On April 18, 1991, Jacobsen pled not guilty to these charges and was released on bond pending trial.

On June 17, 1991, Jacobsen was charged by information with one count of misdemeanor assault. On June 17, 1991, Jacobsen executed an acknowledgment of waiver of rights by plea of guilty and a pre-trial agreement. In the pre-trial agreement, Jacobsen agreed to plead guilty to one count of burglary, one count of criminal possession of dangerous drugs with intent to sell, and one count of misdemeanor assault. In turn, the State in the pre-trial agreement agreed to 1) move to dismiss one burglary count and 2) recommend to the court a ten-year prison sentence with five years suspended for criminal possession of dangerous drugs with intent to sell and

burglary, and six months in the county jail for the misdemeanor assault charge, these sentences to run concurrently.

At the sentencing hearing on July 12, 1991 and following a review of the presentence investigation report, the District Court chose not to follow the State's recommended sentences. Instead, the District Court sentenced Jacobsen to ten years imprisonment in Montana State Prison for criminal possession of dangerous drugs with intent to sell, ten years imprisonment in Montana State Prison for burglary and six months imprisonment in county jail for misdemeanor assault, these sentences to run concurrently. From these sentences, Jacobsen appeals.

Did the District Court err by imposing a sentence greater than that recommended in the plea-bargain agreement?

Jacobson seeks specific performance of the plea-bargain agreement. Such a remedy is not available because the District Court is not a party to the plea-bargain agreement and is not bound by its terms.

At the time Jacobsen executed the plea-bargain agreement, § 46-12-204(3)(a), MCA (1989), read as follows:

> A plea bargain agreement is an agreement between a defendant and a prosecutor that in exchange for a particular plea the prosecutor will recommend to the court a particular sentence. A judge may not participate in the making of, and is not bound by, a plea bargain agreement. If a judge does not impose a sentence recommended by a prosecutor pursuant to a plea bargain

3

agreement, the judge is not required to allow the defendant to withdraw a plea of guilty.

In State v. Buckman (1989), 236 Mont. 37, 42-43, 768 P.2d 1361, 1364, this Court held that because the judge is not a party to the plea-bargain agreement, the remedy of specific performance is not available. Furthermore, in Benjamin v. McCormick (1990), 243 Mont. 252, 255, 792 P.2d 7, 9, this Court, in considering whether specific performance could bind a court to comply with a plea-bargain agreement, held that "[u]nder the present law, the sentencing court was not a party to the bargain and was not subject to its terms. The enforceability of the bargain is, therefore, not an issue."

Jacobsen further argues that because the judge stated at the end of the June 17, 1991 arraignment hearing that "[r]ight now it looks like I'll go along with your plea agreement[,]" the judge became a party to the plea-bargain agreement. The judge's comment, made in passing and prior to the receipt of the ordered presentence investigation report and the issuance of a final written judgment, did not indicate the judge's unequivocal and binding acceptance of the sentence recommended in the plea-bargain agreement. When the statement is read in the context of the entire record, it becomes clear that sentencing remained conditional upon the judge's review of the presentence investigation report. We also note that Jacobsen was made aware on two occasions that sentencing was in the

4

sole province of the judge, once when he executed the acknowledgment of waiver of rights by plea of guilty and once verbally by the judge during the June 17, 1991 arraignment hearing. We therefore hold that the District Court committed no error when it imposed a sentence upon Jacobsen greater than that recommended in the plea-bargain agreement.

Chief Justice

We concur:

Justices

February 25, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


LEONARD J. HAXBY
CHRISTINE D. SOMERS
Attorneys at Law
P.O. Box 3008
Butte, MT 59702-3008


HON. MARC RACICOT, Attorney General
Elizabeth L. Griffing, Assistant
Justice Building
Helena, MT 59620


Robert M. McCarthy, County Attorney
Brad Newman, Deputy County Attorney
155 West Granite Street, Courthouse
Butte, MT 59701


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy