No. 92-062

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

JAMES JOHN PERSAK,

      Defendant and Appellant.



APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding
and The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Charles A. Graveley, Attorney at Law,
          Townsend, Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General,
          Cregg W. Coughlin, Assistant Attorney General,
          Helena, Montana; Mike McGrath, Lewis and
          Clark County Attorney, Carolyn A. Clemens,
          Deputy County Attorney, Helena, Montana

Submitted on Briefs:  August 6, 1992

Decided:  February 11, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant James Persak appeals from an order of the First Judicial District Court of the State of Montana, denying his motion to withdraw his guilty plea and refusing to dismiss the charges against him. We affirm the District Court.

There is one issue on appeal. Did the District Court abuse its discretion when it denied defendant's motion to withdraw his plea and ordered that defendant be resentenced by a different judge after the State breached a plea agreement?

Defendant was charged by information on August 31, 1990, with three counts of felony sexual assault. On April 18, 1991, defendant was charged by amended information with a total of four counts of sexual assault. Defendant pleaded not guilty to all counts on May 2, 1991.

Subsequently, the State entered into an oral plea bargain agreement with defendant. The parties agreed that if defendant would plead guilty to Counts III and IV, the State would dismiss Counts I and II of the amended information. Additionally, the State agreed that if a report from a local psychiatric social worker indicated that community treatment was feasible for defendant, the prosecutor would not seek the imposition of a prison sentence before the District Judge.

On July 15, 1991, a change of plea hearing was held. Defendant entered pleas of guilty to Counts III and IV, and upon the State's motion, the court dismissed Counts I and II of the amended information. After being clearly advised by the court that

2

it would not be bound by the terms of defendant's plea agreement with the State, defendant represented to the court that he understood and that his guilty pleas were voluntary. The court accepted the pleas and set a date for sentencing.

During the October 4, 1991, sentencing hearing before Judge Jeffrey Sherlock, the social worker testified that he recommended probation in conjunction with outpatient treatment for defendant. At the same hearing, however, the prosecutor violated the plea agreement. In contravention of the parties' bargain, the prosecutor recommended a long prison sentence for defendant, despite the social worker's opinion that community treatment was feasible.

Because of the prosecutor's breach, defendant moved, on October 17, 1991, (1) to set aside the judgment; (2) for withdrawal of his guilty pleas; and (3) for dismissal of the charges against him. These motions were denied by the District Court. However, to remedy the prosecutor's breach, Judge Sherlock disqualified himself from the case, vacated the prior judgment, sealed the record, and ordered that defendant be immediately resentenced by another local District Judge, Dorothy McCarter.

Defendant was resentenced by Judge McCarter on November 8, 1991. Prior to that sentence, the prosecutor abided by the terms of the plea agreement and made no recommendation regarding imprisonment. However, Judge McCarter (after noting lack of support from the prosecutor) sentenced defendant to two consecutive

15-year terms. Defendant was designated a dangerous offender for purposes of parole eligibility.

Defendant appeals from Judge Sherlock's refusal to allow a withdrawal of guilty pleas and from his refusal to dismiss the charges against defendant. Additionally, defendant appeals from Judge McCarter's order of incarceration.

On appeal, defendant asserts that because he relied on the prosecutor's promises, and because the prosecutor breached the plea agreement, the charges against him should be dismissed. As an alternative, defendant asserts that he should be allowed to withdraw his pleas of guilty which were entered in reliance on a promise that was broken. At the very least, defendant seeks specific performance of the plea agreement, which he contends would bind the District Court by the social worker's recommendation.

The parties do not dispute that defendant was entitled to some remedy because of the prosecutor's breach of the plea agreement. Neither does the court. Central to this appeal is defendant's dissatisfaction with the District Court's choice of remedies to cure the prosecutor's breach.

The two remedies that are available for the government's breach of a plea agreement in connection with sentencing are the withdrawal of a guilty plea or specific performance of the plea agreement. *Santobello v. New York* (1971), 404 U.S. 257, 263, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427, 433. The law is clear that the choice of remedy for a breach of a plea agreement is within the sound

4

discretion of the trial court. *United States v. Nelson* (11th Cir. 1988), 837 F.2d 1519, 1525; *Santobello*, 404 U.S. at 263.

We conclude that when Judge Sherlock refused to dismiss the charges against defendant, he did not abuse his discretion. Neither did he abuse his discretion when he (1) vacated the judgment; (2) sealed the record; (3) ordered that defendant be resentenced before a different judge who was untainted by the breach of the plea agreement; and (4) specifically directed the prosecutor "to stick with the plea agreement in front of Judge McCarter" during the subsequent hearing.

By his order, Judge Sherlock effectively mandated the remedy of specific performance of the plea agreement. Specific performance entitles a defendant to a resentencing by a different judge in accordance with the plea agreement. *United States v. Tobon-Hernandez* (11th Cir. 1988), 845 F.2d 277, 280; *Santobello*, 404 U.S. at 263. At the new sentencing hearing, the prosecution must perform the promise it made in the plea agreement. *Gamble v. State* (Nev. 1979), 604 P.2d 335, 338. This remedy of specific performance is an alternative remedy to allowing defendant to withdraw his guilty plea. *Santobello*, 404 U.S. at 263.

Contrary to defendant's assertion, specific performance does not entitle defendant to the implementation of the State's recommendation. The court is not bound by the plea agreement and required to follow the recommendations of the prosecutor because the court is not a party to the plea agreement. The plea bargain

5

is between the state and the defendant. It binds the parties, not the court. *State v. Jacobson* (1992), 252 Mont. 94, 96, 826 P.2d 555, 556. Judge McCarter was free to disregard the recommendations of the parties and to sentence defendant according to her determinations. *See Benjamin v. McCormick* (1990), 243 Mont. 252, 792 P.2d 7. She did just that.

Despite Judge McCarter's final decision to order incarceration, defendant was afforded relief from the prosecutor's breach. Defendant received specific performance of the plea bargain because (1) he was resentenced by a judge who was unprejudiced by the breach; and (2) at resentencing, the prosecutor complied with the plea agreement by not requesting that defendant be sentenced to a prison term. In short, defendant was placed in the position he would have been in had the State not breached the plea agreement. Any prejudice as a result of the State's breach of the plea agreement was cured at the resentencing. Consequently, defendant is not entitled to additional relief.

We affirm Judge Sherlock's order for the resentencing of defendant before a different judge. We also affirm the sentence imposed by Judge McCarter.

_____
Justice

We concur:

_____

6

*John Conway Harrison*

*William E Hunt, Sr.*

*R. C. McDonough*
Justices