No. 93-394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

TIMOTHY GLENN LARSON,

    Defendant and Appellant.

**FILED**

JUL 12 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Fallon,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        J. B. Wheatcroft, Attorney at Law,
        Miles City, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Carol Schmidt, Assistant Attorney General,
        Helena, Montana

        Denzil R. Young, Fallon County Attorney,
        Baker, Montana


Submitted on Briefs:  April 21, 1994

Decided:  July 12, 1994

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Timothy Glenn Larson appeals a judgment of the Sixteenth Judicial District Court, Fallon County, which imposed a greater sentence than that recommended in the plea bargain agreement.

We affirm.

Larson presents the following issues on appeal:

1. Did the District Court err by imposing a different sentence than was recommended by the plea bargain agreement?

2. Did the District Court err by not affording Larson a meaningful right to confrontation?

3. Was defendant's right to counsel unduly restricted?

On December 11, 1992, Larson, a local ranch hand, contacted Reverend D.K. in Plevna by telephone and arranged to meet with her the next morning. Larson testified that prior to the meeting he had been engaged in a drinking spree for several days.

Larson met D.K. at the church parsonage around mid-morning and the two discussed his emotional state of hopelessness and loneliness. Near the end of the conversation, as both were standing, Larson brandished a knife and told D.K. to remove her clothes. D.K. refused to comply but was able to convince Larson to put the knife away. Larson then sexually assaulted D.K., pulled her to the floor, and got on top of her. D.K. continued to resist these acts and persuaded Larson to let her go. D.K. called local authorities and Larson was arrested shortly thereafter.

2

On December 14, 1992, Larson was charged by information in the Sixteenth Judicial District Court with Count I, aggravated assault, in violation of § 45-5-202(1), MCA, and Count II, attempted sexual intercourse without consent, in violation of § 45-5-503, MCA. On December 14, 1992, Larson, represented by his court-appointed attorney, pled not guilty to both counts.

On January 5, 1993, the State submitted an amended information amending Count I from aggravated assault to felony assault, in violation of § 45-5-202(2), MCA. On March 26, 1993, a second amended information was filed amending Count II from the charge of attempted sexual intercourse without consent, a felony, to sexual assault, a misdemeanor, in violation of § 45-5-502, MCA.

On March 26, 1993, a change of plea hearing was held. During the hearing, the court advised Larson of his rights as a defendant and that if he chose to plead guilty he would be giving up these rights. The court, after questioning Larson further concerning whether he committed the acts he was charged with, accepted Larson's guilty pleas.

Also, on March 26, 1993, Larson signed a plea bargain agreement and an "Acknowledgment of Waiver of Rights by Plea of Guilty" whereby he agreed to plead guilty to Count I of the amended information, and to Count II of the second amended information. Larson was advised by the court during the change of plea agreement that the plea bargain agreement was not binding upon the court and that it would reserve ruling on whether to accept the agreement until the pre-sentence investigative report was received.

3

On May 1, 1993, Larson's attorney received the pre-sentence report which contained a statement from his former wife detailing sexual and physical abuse she allegedly experienced while married to Larson. The sentencing hearing was held on May 4, 1993, at which time the pre-sentence report was read into the record. Larson did not object to the report nor did he offer additions to the report. The court announced to Larson that based upon the pre-sentence report, it would not accept the plea bargain agreement, and provided him with opportunity to confer with his attorney to decide whether to withdraw his guilty plea. After conferring with his attorney, Larson indicated to the court he would allow the guilty pleas to stand.

The court sentenced Larson to Montana State Prison to serve six months for the misdemeanor offense of sexual assault, and ten years for the offense of felony assault, with two years suspended. The sentences were to run consecutively. The court imposed a list of conditions Larson must meet to become eligible for parole or probation, requiring him to complete Phase I of the Prison's sex offender treatment program, and requiring him to reimburse Fallon County for the costs associated with his court-appointed attorney. From these sentences, Larson appeals.

### ISSUE 1

Did the District Court err by imposing a different sentence than was recommended by the plea-bargain agreement?

Larson argues that the court approved parts of the plea agreement when it granted the State's motion to amend Count II from

4

attempted sexual intercourse without consent to sexual assault. He contends that the District Court erred when it failed to follow the plea agreement and sentenced him to a greater sentence than the plea agreement's recommended sentence.

When the prosecutor and the defendant's attorney, or the defendant acting pro se, enter a plea agreement, the prosecutor may:

> (a) move for dismissal of other charges;
> (b) agree that a specific sentence is the appropriate disposition of the case; or
> (c) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request may not be binding upon the court.
> (2) If a plea agreement has been reached by the parties, the court shall, on the record, require a disclosure of the agreement in open court or, on a showing of good cause in camera, at the time the plea is offered. If the agreement is of the type specified in subsection (1)(a) or (1)(b), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report. If the agreement is of the type specified in subsection (1)(c), the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.
> (3) If the court accepts a plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
> (4) If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Section 46-12-211, MCA (1991).

Larson argues that the court approved the plea agreement by allowing the amendment of Count II. He asserts that once the court approved the plea agreement, § 46-12-211(3), MCA (1991), required that the court inform the defendant that it would embody in the judgment and sentence the disposition within the plea agreement. Therefore, after accepting the plea agreement the court cannot be said to have rejected or deferred a decision on the plea agreement. He also argues that a district court should be required to announce any intended deviation from the plea agreement sufficiently in advance of sentencing to enable a defendant time to respond resulting in less expense in attorney costs and to avoid the possibility of longer incarceration due to requests for a continuance. We disagree.

A plea agreement is between the prosecutor and the defendant; a judge may not participate in the agreement and is not bound by the agreement. State v. Jacobson (1992), 252 Mont. 94, 826 P.2d 555; § 46-12-211(c), MCA (1991). Our review of the record does not support Larson's argument that the District Court accepted the plea bargain agreement. The District Court's grant of the State's motion to amend Count II from attempted sexual intercourse without consent to sexual assault did not signify that the court would or did approve of the plea bargain agreement. Moreover, when Larson entered his guilty pleas the court notified Larson that it would reserve ruling on the plea agreement until after it received the pre-sentence report and after Larson underwent a psychosexual evaluation. The District Court met the requirements of

6

§ 46-12-211, MCA (1991), when it allowed Larson the opportunity to withdraw his guilty pleas, and advised him that the court was not bound by the plea agreement and that if he persisted in the guilty pleas the disposition of his case might be less favorable than that contemplated by the plea agreement. Larson cites no case law or statute that requires the court to inform a defendant of the sentence it will impose before the defendant decides to withdraw his guilty plea. We hold that the court did not err when it refused to accept the plea bargain agreement and imposed a greater sentence than that recommended in the agreement.

Larson also argues that the District Court abused its discretion when it ordered him to complete Phase I of the sex offender treatment program at Montana State Prison before he could be eligible for parole or probation. Sections 46-18-201 and -202, MCA, allow the district court to impose additional restrictions or conditions which are reasonably related to or necessary for rehabilitation and the protection of society. State v. Evans (1991), 247 Mont. 218, 230, 806 P.2d 512, 520. Here, the District Court stated the following in its reasons for imposing the sentence:

> The court recited into the record his reasons for imposing the above sentence. Among those reasons set forth are the circumstances that convinced the court that the if [sic] defendant would reoffend. His criminal record as revealed by the pre-sentence investigation report and a letter from the defendant's former wife, the circumstances of the offenses charged in this cause showing the use of a weapon and the defendant's history of alcohol abuse and his predictably assaultive acts during such periods but in no way excused ther[e]by, require that the defendant be dealt with thus sternly for the protection of society.

7

In sum, we hold that the District Court did not err by imposing the condition for Larson to complete the sex offender treatment program since it relates to both Larson's need for rehabilitation and to the protection of society.

ISSUE 2

Did the District Court err by not affording Larson a meaningful right to confrontation?

Larson argues that he was not given adequate opportunity to address the contents of the pre-sentence report which he argues contained unsubstantiated reports of abuse by his former wife. He argues that he was unable to respond to the report because his attorney received the report only three days prior to sentencing and Larson reviewed the statements only minutes before the sentencing hearing.

Larson states that the distance between his attorney's office located in Miles City, and the courthouse located in Baker, was over 80 miles. He argues that because he was aware that the costs of counsel would be assessed to him, and the costs would be an enormous financial burden in light of his limited earnings as a ranch hand, that this financial burden restricted his attorney's approach in defending him. He also asserts that a request for a continuance would subject him to another month of incarceration because law and motion day in Fallon County occurs only one day a month.

A pre-sentence report may assist the district court in determining a proper sentence for a convicted defendant. State v.

8

Radi (1979), 185 Mont. 38, 40-41, 604 P.2d 318, 320. A defendant who contests any matter contained in the pre-sentence report has the affirmative duty to present evidence demonstrating the inaccuracies. State v. Trangsrud (1982), 200 Mont. 303, 308, 651 P.2d 37, 40 (citing to Radi, 604 P.2d 318).

In the present case, Larson and his attorney received the pre-sentence report but did not object or present witnesses, nor did they offer any other evidence to contradict the report. Larson did not avail himself of a continuance, which is a defense strategy that would have allowed him time to respond to the report and rebut the information. We hold that the District Court afforded Larson a meaningful right to confrontation.

## ISSUE 3

Was defendant's right to counsel unduly restricted?

Larson again argues that the barriers of finances, time, and distance from his attorney unduly restricted his right to counsel. Apparently Larson argues that his right to counsel was restricted because Larson and his attorney had to consider these barriers when planning his defense. Larson asserted that he believed he would be certain to face some liability for his conduct, and for expediency sake, he was forced to rely on the plea bargain agreement for the outcome in the case.

This Court may review a district court's decision or any alleged error objected to which involves the merits or necessarily affects the judgment. Section 46-20-104(2), MCA. An appeal based upon the defendant's decisions in his defense strategy is not a

9

proper basis for an appeal.   We hold that Larson's contention that his right to counsel was unduly restricted is not subject to review by this Court.

Affirmed.

_William E. Hunt_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_____

_Karla M. Gray_
Justices

July 12, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


J. B. Wheatcroft
Attorney at Law
P.O. Box 1081
Miles City, MT 59301

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Denzil R. Young
Fallon County Attorney
P.O. Box 620
Baker, MT 59313


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *S. Gullagher*
Deputy