[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 21, 2010
JOHN LEY
CLERK

No. 10-10199
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00355-BBM-ECS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK PADILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 21, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Jack Padilla was charged with conspiracy to possess

with intent to distribute marijuana, conspiracy to commit money laundering, and aiding and abetting money laundering, in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 1956(a) and 2. He agreed to plead guilty to the drug offense.

The written plea agreement included the government's promise to inform the court of Padilla's cooperation and potentially move for a reduction in his sentence based on his substantial assistance. The agreement also contained a waiver-of-appeal provision in which Padilla waived his right to directly appeal or collaterally attack his conviction and sentence unless the court imposed a sentence with an upward departure or variance.

At the change-of-plea hearing, the court confirmed that Padilla had read and understood the waiver provision and that he voluntarily agreed to the terms of the plea agreement. After discussing the charges against him and the rights he would give up by pleading guilty, the court determined that Padilla was freely and voluntarily entering a plea and adjudicated him guilty.

The probation officer completed a presentence investigation report (PSI) and determined that the guideline range for Padilla's offense was 235 to 293 months' imprisonment. The probation officer noted that Padilla had been debriefed multiple times and that Padilla requested a downward departure in his sentence based on his substantial assistance. He also requested a minor-role

reduction under U.S.S.G. § 3B1.2.

At sentencing, after listening to Padilla's arguments regarding his role in the conspiracy, the district court denied the minor-role reduction, but explained that the decision was "a close one." The court also rejected an enhancement for possession of a weapon, which decreased Padilla's guideline range to 188 to 235 months' imprisonment. The government did not advise the court of the extent of Padilla's cooperation but Padilla did not object. Nevertheless, the court imposed a sentence of 168 months' imprisonment, below the advisory guideline range.

Padilla now appeals, arguing that the government breached the plea agreement by failing to advise the court of the extent of his cooperation and that the court erred by denying his minor-role reduction.

We review *de novo* whether the government breached a plea agreement.[1] *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998). Where the defendant failed to object in the district court, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Under plain-error review, we may recognize an error where there is (1) an error, (2) that is plain, (3) that affects a defendant's substantial rights, and, if the first three prongs are

---

[1] A sentence-appeal waiver in a plea agreement does not waive the right to appeal a breach of the plea agreement. *See United States v. Copeland*, 381 F.3d 1101, 1104-05 (11th Cir. 2004).

met, in our discretion, (4) whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* The party seeking to establish plain error has the burden of establishing prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). To establish prejudice, the defendant must show that the error affected his substantial rights. "[I]n most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. De La Garza,* 516 F.3d 1266, 1269 (11th Cir. 2008); *see also Puckett v. United States*, 129 S.Ct. 1423, 1432-34 (explaining that the question of prejudice does not relate to whether the defendant would have entered into the plea, but rather, whether his sentence was affected by the government's breach).

> [W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected.

*Rodriguez*, 398 F.3d at 1301.

A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. *Santobello v. New York*, 404 U.S. 257, 262 (1971). The failure to adhere to the promises entitles the defendant

4

to specific performance of the contract with resentencing before a different judge or the right to withdraw his guilty plea.[2] *See Puckett*, 129 S.Ct. at 1430. But when, as here, the defendant failed to preserve the error, relief still requires that the defendant show prejudice. *Id.* at 1433.

Here, the PSI noted that government agents had debriefed Padilla and Padilla advised the court that he had been cooperating with the government. But the government failed to inform the court of Padilla's cooperation as it promised to do. Although Padilla put the information before the court, this does not satisfy the government's promise to advise the court of Padilla's cooperation. Therefore, Padilla can establish the first two prongs of the plain-error analysis.

But despite the government's breach, Padilla is not entitled to relief because he has not established that he was prejudiced. The district court considered Padilla's arguments and the sentencing factors set out in 18 U.S.C. § 3553(a). The court also gave a detailed explanation to support the decision to vary downward

---

[2] The decision to remand or permit the defendant to withdraw his plea is within the district court's discretion. But "the remedy of withdrawal of the guilty plea has not been favored in this circuit." *United States v. Jefferies*, 908 F.2d 1520, 1527 (11th Cir. 1990). Specific performance is appropriate when there is no question that the plea was knowingly and voluntarily entered. *United States v. Tobon-Hernandez*, 845 F.2d 277, 281 (11th Cir. 1988) ("Tobon-Hernandez knowingly and voluntarily entered his guilty plea. To allow him to withdraw that plea and proceed to trial would be unwarranted. Rather, his voluntary plea agreement should bind him just as it binds the government.").

5

from the advisory guideline range. On this record, we cannot be certain that the court would have imposed a greater variance from the guideline range if alerted to the extent of Padilla's cooperation. *Rodriguez*, 398 F.3d at 1301. Thus, Padilla has not shown that the breach affected the outcome of his sentencing and he is not entitled to relief.

## II.

Because we conclude that Padilla is not entitled to relief, the plea agreement is valid and we will hold Padilla to its terms. In this case, the plea agreement contained a waiver-of-appeal provision that will bar Padilla's sentencing challenge provided that the waiver was entered into knowingly and voluntarily.

We review the validity of a sentence-appeal waiver provision of a plea agreement *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence-appeal waiver must be made knowingly and voluntarily and is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1350-51.

Here, the district court specifically questioned Padilla about the waiver and Padilla indicated that he understood it. Because Padilla's appeal waiver was entered into knowingly and voluntarily, it is enforceable to bar his sentence

appeal.  Accordingly, we dismiss Padilla's challenge to his sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**