[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16408
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00014-MTT-CHW-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP HARLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 21, 2013)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Phillip Harley asks us to vacate the 90-month sentence imposed by the district court after he pleaded guilty to conspiracy to possess with intent to distribute methamphetamine.  Harley contends that the government breached his written plea agreement by arguing for an obstruction of justice enhancement, under § 3C1.1 of the United States Sentencing Guidelines.

I.

On April 11, 2012 Harley and twelve others were indicted for conspiring to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  At his arraignment, Harley pleaded not guilty and was released from custody pending trial under certain conditions, among which were to appear in court as required, to refrain from possessing and using illegal drugs, and to participate in substance abuse therapy.

About two months after his release, on July 23, 2012, Harley failed to appear at a pretrial conference; the district court designated the case ready for trial in his absence.  Harley changed his mind and decided to plead guilty, prompting the court to set a change of plea hearing for July 30, 2012.  Once again Harley failed to appear.[1]  The district court then revoked Harley's pretrial release for failing to appear at the two court proceedings.

---

[1] At Harley's sentencing, his counsel explained that transportation trouble caused both absences.

2

On August 9, 2012 Harley entered a written plea agreement with the government and pleaded guilty to a superseding information charging him with one count of conspiracy to possess with intent to distribute methamphetamine.  In exchange for Harley's guilty plea, the government agreed to recommend a reduction to Harley's guidelines range under U.S.S.G. § 3E1.1(a) if he "affirmatively manifest[ed] an acceptance of responsibility as contemplated by the Sentencing Guidelines."[2]  Nevertheless, the government reserved the right to provide the district court with information showing that Harley had not accepted responsibility, including any additional criminal conduct, and specifically, any personal use of a controlled substance.  Nowhere in the plea agreement did the government promise not to recommend an obstruction of justice enhancement. After the change of plea hearing, Harley's case was set for sentencing.

The presentence investigation report recommended a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on Harley's failure to appear in court on July 23 and July 30, 2012.[3]  The PSR also recommended denying a sentencing reduction for Harley's acceptance of responsibility under

---

[2] The guidelines instruct the court to decrease a defendant's offense level by two levels if he "clearly demonstrates acceptance of responsibility for his offense . . . ."  U.S.S.G. § 3E1.1(a) (Nov. 2011).

[3] The guidelines instruct the court to increase a defendant's offense level by two if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . . ."  U.S.S.G. § 3C1.1.

§ 3E1.1 because Harley failed to appear at court proceedings, continued to use meth while on pretrial release, and failed to comply with required substance abuse treatment.  Harley objected to both the obstruction enhancement and the denial of acceptance of responsibility.  The government filed a written response to Harley's objections, arguing in favor of the obstruction enhancement and against acceptance of responsibility.

The day before Harley's sentencing, the district court raised the issue of whether the government's written response constituted a breach of the plea agreement.  At sentencing the next day, the government reversed its position on acceptance of responsibility and recommended that the court apply that decrease.  Harley agreed with the court that the government's change of position regarding acceptance of responsibility resolved the breach issue.

In spite of that apparent resolution, the government maintained its position on the obstruction enhancement based on Harley's two failures to appear in court.  Harley then retracted his earlier concession that the breach issue was resolved, arguing that the guidelines and case law treat obstruction of justice and acceptance of responsibility as "going hand-in-glove" and that a recommendation for an obstruction enhancement is, for all intents and purposes, a recommendation for the denial of acceptance of responsibility.  The court stated that it was not going to apply the obstruction enhancement anyway, so it considered the breach issue moot.

4

Despite that, the court denied Harley a guidelines' reduction for acceptance of responsibility. After finding that Harley's offense level was 24, that his criminal history category was IV, and that the applicable guidelines range was 77 to 96 months imprisonment, the court sentenced Harley to 90 months imprisonment.

## II.

We review de novo the question of whether the government has breached a plea agreement. United States v. Horsfall, 552 F.3d 1275, 1281 (11th Cir. 2008). "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996). To determine whether the government violated a plea agreement, we look at "whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty." United States v. Nelson, 837 F.2d 1519, 1521–22 (11th Cir. 1988); see also United States v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992).[4]

---

[4] Whether the district court was influenced by the government's recommendation is not dispositive. See Santobello v. New York, 404 U.S. 257, 262–63, 92 S.Ct. 495, 499 (1971) (remanding the case after holding that there was a breach of a plea agreement, even though the sentencing judge stated that the breach did not influence the sentence); see also United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998) (stating that "the sentencing judge's acts are not important" to the issue of breach because the government, not the court, breached the plea agreement); United States v. Tobon-Hernandez, 845 F.2d 277, 280 (11th Cir. 1988) ("In this case, we do not address the district court's exercise of discretion in imposing a sentence. Rather, we focus on the government's violation of its plea agreement.")

It is undisputed that the government agreed to recommend that Harley be given credit for acceptance of responsibility if he affirmatively manifested such acceptance. It is at least arguable that the government breached the plea agreement when it recommended the denial of an acceptance of responsibility reduction in response to Harley's PSR objections. But even if this was a breach, the district court and the parties treated it as having been cured by the government's recommendation of such a reduction at the outset of the sentence hearing. Although Harley later retracted his statement that the breach issue was resolved, that retraction was based on the government's continued argument in favor of an obstruction of justice enhancement, which is the only breach allegation at issue in this appeal.

Harley contends that the government's recommendation of the obstruction enhancement was nothing but a "back-door argument to deny him acceptance of responsibility" and thus a breach of the plea agreement. He argues that when he entered his guilty plea, he reasonably understood that the government would not later argue facts to the district court that could result in the denial of an acceptance of responsibility reduction. The government counters that its promise to recommend acceptance of responsibility did not preclude it from arguing in favor of the obstruction enhancement, because even though the two guidelines provisions are related, they are not mutually exclusive.

6

The guidelines commentary clearly supports the government's position:

> Conduct resulting in an enhancement under § 3C1.1 (Obstruction of Justice or Impeding the Administration of Justice) *ordinarily* indicates that the defendant has not accepted responsibility for his criminal conduct.  There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S.S.G. § 3E1.1, cmt. n.4 (emphasis added).  "Ordinarily" does not mean always. It is possible for one or both or neither of the guidelines provisions to apply.  This is possible because they are independent guidelines provisions serving different purposes.  Thus, the government's promise to recommend an acceptance of responsibility reduction could not have been reasonably understood by Harley as a promise to also refrain from recommending an obstruction enhancement.  The plea agreement was completely silent on that issue.  This is true regardless of whether the government knew of the facts supporting the obstruction enhancement when it entered the plea agreement.  See United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001) (holding that there was no breach even though "the government knew of the allegations that supported the obstruction enhancement at the time the plea agreement was entered" because "the agreement is simply silent on the issue of obstruction").

Harley argues that the government should be held accountable for its promise regarding acceptance of responsibility because doing so will give defendants an incentive to enter into plea agreements.  We agree with that

7

statement as a matter of policy, and if the government had breached its agreement to recommend acceptance of responsibility, we would hold it accountable for that breach.  But the government didn't breach the plea agreement in this case. Because a promise to recommend acceptance of responsibility does not foreclose the government from arguing in favor of an obstruction enhancement, it follows that the government had no duty to refrain from arguing facts supporting that enhancement, even if some of those facts overlapped with facts supporting a denial of acceptance of responsibility.

**AFFIRMED.**