[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16472
Non-Argument Calendar

_____

D. C. Docket No. 06-20063-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN EUGENE HABER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 5, 2008)**

Before ANDERSON, DUBINA  and HULL, Circuit Judges.

PER CURIAM:

Appellant Martin Haber appeals his 63-month sentence for mail and wire

fraud charges, in violation of 18 U.S.C. §§ 1343 and 1341, respectively.  Haber pled guilty pursuant to a written plea agreement in which the government agreed to recommend that: (1) the court reduce the offense level by three levels, based upon Haber's acceptance of responsibility, and impose a sentence at the low end of the guideline range, but it would not be required to make these recommendations if Haber, *inter alia*, committed any "misconduct" after entering into the agreement; and (2)  "the court impose a sentence within the advisory sentencing guidelines range produced by application of the Sentencing Guidelines . . . [and] the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range."  The parties stipulated in the plea agreement to a loss amount of more than $400,000, but less than $1 million, and stipulated that Haber should receive a 4-level increase because his offense involved more than 50 victims.

At sentencing, the government presented two witnesses who testified that Haber engaged in misconduct after signing the agreement, and the district court found that Haber committed further misconduct.  When the district court asked for the parties to present matters regarding an appropriate sentence, the government stated:

> Judge, I've been doing this for 15 years and I pride myself on having impeccable judgment . . . .  I don't think, . . . if I knew a year ago what

2

I knew today, that I would have agreed to this plea and I would have handled this case in the same way. I have been extremely generous to Mr. Haber in structuring this case. . . . I didn't include a forfeiture count, which I should have. I didn't include tax charges, which I should have. I didn't include a money laundering count, which I should have. And today's guideline range of 51 to 63 months is the spirit of the plea agreement for sure, but it woefully under[]represents Mr. Haber's conduct in this case. I essentially allowed him to remain out on bond, where he continued to defraud the public, to continue to commit all sorts of financial shenanigans, to get his affairs in order, to make himself judgment proof, to make sure that his family was taken care of, and pay back those victims that he thought might cause a ruckus or show up and testify against him. . . . I think this guideline range, while it lives up to the spirit of the plea agreement, I think it's a gift from God that essentially 15 years of ripping off the public, he is looking at 51 to 63 months.

. . .

So we'd ask you to sentence him accordingly. We plan to live up to our plea agreement because if we don't do that, then our word means nothing essentially, but we leave it in discretion of the [c]ourt to fashion an appropriate sentence.

On appeal, Haber argues that the government breached the plea agreement by expressing material reservations about the plea agreement, arguing for an above-guideline sentence, recommending a sentence at the high end of the guideline range, and arguing that he should not receive a three-level reduction for acceptance of responsibility. Haber also argues that a miscarriage of justice occurred when the district court sentenced him based on the stipulated loss amount and number of victims, without making independent findings of fact, and without proof offered by the government.

3

Whether the government breached a plea agreement is a question of law that we review *de novo*. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008), *petition for cert. filed*, (U.S. May 15, 2008) (No. 07-11001). "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). A defendant is entitled to specific performance of an agreement which induces his guilty plea. *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." *Id.*

The government "is expected to be an advocate for the sentence set forth in the plea agreement." *United States v. Grandinetti*, 564 F.2d 723, 727 (5th Cir. 1977). In *Grandinetti*, a government attorney who had not been a party to the plea negotiations indicated at a hearing that he was unfamiliar with the plea agreement and stated, after reading the agreement, that he had "very serious problems" with the agreement's recommendation for concurrent sentences and was "not too sure of the legality of it nor the propriety, but none the less it is there," and the government was "locked-in to the language" of the agreement. *Id.* at 725. We vacated and remanded, holding that the defendant did not receive the benefit of his bargain, *i.e.*,

4

"a forceful and intelligent recommendation for concurrent sentences." *Id.* at 727.

We determine "simply whether the plea agreement has been breached or not—irrespective of prosecutorial justifications for the failure in performance." *Id.* In *Taylor*, we held that, where the government advocated a sentence contrary to the agreement, in response to the defendant's objections to the presentence investigation report ("PSI"), its subsequent recommendation at sentencing of a sentence compliant with the agreement constituted "lip service" to the agreement, which was insufficient to rectify the earlier breach. *Taylor*, 77 F.3d at 370-71. Moreover, where a breach by the government is alleged, statements by the district court that agreement-breaching representations made by the government did not influence its decision are likewise insufficient to rectify the government's breach. *See Santobello v. New York*, 404 U.S. 257, 262-63, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971) (remanding case even though the Court had "no reason to doubt" the lower court's statement that the prosecutor's breaching recommendation did not influence its decision); *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998) (noting that, where the assertion is that the government, not the court, violated the plea agreement, the court's "acts are not important to this issue"). In other words, if the government does not fulfill the agreement, the defendant is entitled to relief, "regardless of whether the [government's breach] had any effect

on the sentencing judge." *Grandinetti*, 564 F.2d at 726.

Because the government breached the plea agreement by making statements at sentencing that questioned the propriety of the plea agreement and did not make "a forceful and intelligent recommendation for" a within-guideline sentence, *see Grandinetti*, 564 F.2d at 727, we vacate Haber's sentence and remand for resentencing before another judge, at which both parties are to perform according to the agreement. Accordingly, we do not address Haber's arguments regarding the stipulated loss amount and number of victims, as they are not ripe.

**VACATED AND REMANDED.**