[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11728
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20063-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN EUGENE HABER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2009)

Before DUBINA, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Appellant Martin Eugene Haber, appearing *pro se*, appeals his 78-month

sentence for mail and wire fraud. The challenged sentence was the result of a resentencing ordered by this court in Haber's prior appeal. *See United States v. Haber*, 299 Fed. Appx. 865 (11th Cir. 2008) ("Haber I").

Haber first argues that the government breached the plea agreement at the resentencing by failing to recommend a three-level reduction for acceptance of responsibility and by failing to recommend a sentence at the low end of the guideline range. Significantly, Haber does not argue that the district court erred in finding that he engaged in misconduct post-agreement, and does not dispute that the plea agreement expressly relieves the government of these two recommendation requirements where post-agreement misconduct is shown. Rather, he argues that the government should have been estopped from introducing evidence of his misconduct because the misconduct was actually or constructively known to the government before the Rule 11 plea colloquy.

"Whether the Government breached a plea agreement is a question of law that we review *de novo*." *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1668 (2009). The question of breach "is judged according to the defendant's reasonable understanding at the time he entered his plea." *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992). "[T]he Government breaches a plea agreement where the Government introduces or

2

supports facts at sentencing that contradict the facts stipulated to in the agreement."
*De La Garza*, 516 F.3d at 1270.

Under the express terms of the plea agreement, the government was not required to recommend an acceptance of responsibility reduction or a sentence at the low end of the guideline range if Haber engaged in illegal activities or other misconduct after the date of the plea agreement. The agreement contains no requirement that the government disclose to Haber its discovery of any post-agreement misconduct by him, or disclose in advance its intention not to make any particular recommendation at sentencing as a result of that misconduct, and Haber cites no such contractual duty in his brief. Because the plea agreement is silent on this issue, we conclude that Haber's estoppel argument is without foundation.

Haber next argues that the government breached the plea agreement by failing to recommend a sentence within the guideline range at the resentencing. Again, whether the government breached a plea agreement is a question of law which we typically review *de novo*. *Id*. at 1269. Although, where, as here, no contemporaneous objection was made regarding the alleged breach, we review for plain error. *Id.* "Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

3

"For an error to affect substantial rights, 'in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993)). The defendant has the burden of persuasion as to prejudice. *Id*.; *see also Puckett v. United States*, __ U.S. __, 129 S. Ct. 1423, 1428-29, 1432-34 and n.4 (2009) (applying plain error review to forfeited claims about an alleged government breach of a plea agreement, and clarifying that question of prejudice does not relate to whether defendant would have entered into the plea, but rather, whether his sentence was affected).

The plea agreement contained a number of stipulations, one of which obligated the government and Haber to jointly recommend that the court find the loss resulting from the offense was more than $400,000 and less than $1,000,000. Haber, however, took the position at resentencing that the court should independently determine the loss amount. Haber argued that the "amounts listed by the Government weren't the loss amounts" and put on evidence that the amount of loss was less than $400,000. (Resentencing Transcript, R. 9-153 at 32-36.) When Haber failed to recommend that the court find the loss in accordance with the plea agreement, the government was no longer obligated by the plea agreement to recommend a guideline-range sentence. *See Puckett*, 129 S. Ct. at 1432 n.2

4

(government's obligations under plea agreement may be excused where the defendant breaches the agreement).

Even to the extent the government's failure to recommend a guideline sentence might be deemed a breach of the plea agreement, we conclude that Haber has not demonstrated plain error. *Puckett* establishes that where the government has breached a plea agreement, a defendant can only show plain error by demonstrating that his sentence was affected by the breach. 129 S. Ct. at 1432-33 ("The defendant whose plea agreement has been broken by the government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway . . . or because he likely would not have obtained those benefits in any event . . . ."). Here, Haber received a sentence within the guideline range notwithstanding the government's alleged breach regarding a within-guideline recommendation, so there was no prejudice.

For the aforementioned reasons, we affirm Haber's sentence.

**AFFIRMED.**