**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Barry Dean BOATNER, Defendant–
Appellant.**

**No. 91–8058.**

United States Court of Appeals,
Eleventh Circuit.

July 10, 1992.

Rehearing Denied Aug. 14, 1992.

James D. Crock, Daytona Beach, Fla., for defendant-appellant.

Karl I. Knoche, U.S. Attorney's Office, Savannah, Ga., for plaintiff-appellee.

Before KRAVITCH and EDMONDSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HENDERSON, Senior Circuit Judge:

Barry Dean Boatner challenges his prison sentence imposed for distribution of cocaine and an order of forfeiture of $50,000.00 as proceeds of drug activity in this appeal from the United States District Court for the Southern District of Georgia. The issues presented are (1) whether the government breached the plea agreement with Boatner by providing information to the court in the presentence investigation report which contradicted a factual stipulation with the defendant; (2) whether the district court violated Fed.R.Crim.P. 32(c)(3)(D) during the sentencing hearing; and (3) whether Fed.R.Crim.P. 11(f) is applicable to a forfeiture under 21 U.S.C. §§ 853(a)(1) and (2).

Finding that the government broke its plea agreement with the defendant and that the district court failed to comply with the requirements of Rule 32(c)(3)(D), we vacate in part and remand for resentencing. We also conclude that a forfeiture pursuant to §§ 853(a)(1) and (2) does not constitute a plea of guilty, and so hold that Rule 11(f) does not require the district court to determine whether there is a factual basis for the forfeiture.

I.

In early April of 1990, Boatner was approached by agents of the Volusia County Sheriff's Department, Daytona Beach, Florida, and the Federal Bureau of Investigation ("FBI") during the course of an investigation by the United States District Attorney's Office for the Southern District of Georgia into the operation of a drug distribution network in Georgia, Florida, and other states. As a result of conversations with these officers, Boatner entered into a letter agreement on April 6, 1990 with the United States Attorney for the

Southern District of Georgia.[1] The government agreed to stipulate that this was a pre-Sentencing Guidelines case, that two ounces of cocaine would be the only quantity considered for sentencing purposes, and that any information provided by Boatner during his cooperation with the investigation, or derived therefrom, would not be used against him in a criminal prosecution. In exchange, Boatner agreed to plead guilty pursuant to § 21 U.S.C. 841(a)(1) to distributing less than 500 grams of cocaine, pledged his full cooperation to the government's investigation, and acceded to a forfeiture under 21 U.S.C. §§ 853(a)(1) and (2)[2] of $50,000.00. These terms were memorialized in a Fed.R.Crim.P. 11 plea agreement.[3]

Boatner pleaded guilty according to the terms of the agreement during an August 16, 1990 Rule 11 hearing. On September 18, 1990, a presentence investigation report was furnished to the court by a probation officer. Rather than confining the quantity of cocaine involved in Boatner's offense to two ounces, this report asserted that Boatner had participated in drug activities involving approximately three kilograms of cocaine. The district court conducted a sentencing hearing on December 19, 1990. Boatner objected to any reference to more than two ounces of cocaine in the presentence investigation report, and alleged that the three kilograms cited by the government was inaccurate.[4]. He contended that he had been involved with no more than two kilograms. In response, the government stated:

[A]t the time the agreement was entered into with Mr. Boatner the two ounces, which represented a substantive count, was the only substantive count the government felt it could prove against Mr. Boatner at that time. That was the reason for the stipulation.

Then subsequently, other cooperating witnesses provided information about Mr. Boatner, and those were the independent sources for the additional two and .three-quarters to three kilos which are in the report.

The government believes that information was provided independently by these outside sources. And the government believes that the probation officer, that he has done his duty in putting those into the report.

The government will stick to its stipulation because, again, that was the reason it was entered. At the time that was what we could prove against Mr. Boatner, and he was going to be—and proved to be a valuable, affirmative evidence gatherer for the government.

The district court then called as a witness the probation officer who compiled the report. The officer testified that his interviews with Volusia County Sheriff's Department Investigator Robert Shaffer and FBI Special Agent Charles D. Gabriel had

---

1. The pertinent text of the letter agreement and subsequent plea agreement is set forth in the Appendix.

2. 21 U.S.C. § 853 reads in pertinent part:
 (a) Property subject to criminal forfeiture
 Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
 (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
 (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation....

3. Under Rule 11(e)(1), "[t]he attorney for the government and the attorney for the defendant ... may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty ... to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
 (A) move for dismissal of other charges; or
 (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence ...; or
 (C) agree that a specific sentence is the appropriate disposition of the case.

4. Boatner states that he filed written objections to the presentence investigation report on October 1, 1990 requesting that the court strike and disregard all references to amounts of cocaine exceeding two ounces, and alleging that the three kilograms of cocaine referred to by the government was not correct. However, no such objections are contained in the record.

revealed that Boatner's involvement was "much more significant than just two ounces." He related to the court that Agent Shaffer told him that Boatner had acted as a "mule" transporting one kilogram of cocaine from Daytona Beach to Miami in exchange for four ounces of cocaine.

The court did not act upon Boatner's motion to strike, nor did it make a determination of the accuracy of the three kilogram estimate made by the officers. Instead, it accepted the plea agreement on December 19, 1990, and entered a judgment against Boatner on December 20, 1990 (1) convicting him of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); (2) sentencing him to eight years in prison to be followed by a special parole term of three years; and (3) ordering him to forfeit $50,000.00, as provided in the plea agreement. Boatner appeals from that judgment.

## II.

### A.

 A defendant is entitled to specific performance of an agreement which he enters with the government and which induces his plea of guilty. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea. *U.S. v. Nelson,* 837 F.2d 1519 (11th Cir.1988) (citing *In re Arnett,* 804 F.2d 1200 (11th Cir. 1986)). Boatner's guilty plea was clearly induced by the bargain he reached with the United States Attorney for the Southern District of Georgia. He is therefore entitled to specific performance of the terms of that agreement as he reasonably understood them at the time of his plea. Boatner contends that he understood that the government, by signing the plea agreement, agreed that two ounces of cocaine was the extent of his culpability for cocaine distribution. He argues that the government breached the explicit terms of the plea agreement by introducing evidence through the presentence investigation report which could have lead the court to

believe that he had been involved with almost three kilograms of cocaine.

 The solemnization of a plea agreement does not preclude the government from disclosing pertinent information to the sentencing court. *See United States v. Jimenez,* 928 F.2d 356 (10th Cir.), *cert. denied, Jimenez v. United States,* —— U.S. ——, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991). That rule notwithstanding, the government can enter into a binding agreement with a defendant to restrict the facts upon which the substantive offense is based. *See Nelson,* 837 F.2d at 1522–1525. Thus, the plea agreement's stipulation that only two ounces of cocaine would serve as the factual predicate for determining Boater's sentence obligates the government to strict compliance. Because the presentence investigation report "establish[es] the factual and legal backdrop for the sentencing hearing," *United States v. Jones,* 899 F.2d 1097, 1102 (11th Cir.1990) (quoting *United States v. Wise,* 881 F.2d 970, 972 (11th Cir.1989)), we conclude that the stipulation limiting the amount of cocaine involved in Boatner's offense was violated and the plea agreement breached when the government introduced evidence through the presentence investigation report showing that Boatner's drug dealings had involved over three kilograms of cocaine.

The government laments that it did nothing in disregard of the stipulation because "the parties did not intend this provision to bind the court." This argument refers to paragraph 4(h) of the plea agreement, in which Boatner states his understanding that "the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after entry of his guilty plea, he has no absolute right to withdraw the plea." This provision attests to Boatner's understanding of Fed.R.Crim.P. 11(e)(1)(B), which permits the government to recommend a particular sentence "with the understanding that such recommendation or request shall not be binding upon the court...." Rule 11(e)(1)(B) does not change our analysis. The stipulation that, for sentencing purposes, Boatner's involve-

ment with cocaine is limited to two ounces of cocaine is not an agreement to recommend a particular sentence. It is a stipulation of fact to which the government agreed under the terms of its Rule 11 agreement. Boatner did intend for the stipulation to bind the government, and it is the government's breach of that agreement that is the focus of our inquiry. *United States v. Tobon–Hernandez*, 845 F.2d 277, 280 (11th Cir.1988).

The government also argues that it did not deliberately breach the agreement because it did not present evidence at the sentencing hearing to prove that Boatner had been involved with more than two ounces of cocaine. It attempts to hide behind its statement to the district court that "the government will stick to its stipulation...." However, the government supported the information contained in the presentence investigation report by declaring to the court that its later investigations had revealed that the amount of cocaine involved was actually between two and three-quarters and three kilograms. This information was specifically precluded by the plea agreement. Consequently, the government violated its agreement at the sentencing hearing when it attempted to bolster the presentence investigation report. *See United States v. Jefferies*, 908 F.2d 1520 (11th Cir.1990).

Finally, the government makes the specious claim that any impropriety it might have committed is obviated by the "attenuation doctrine" enunciated in *United States v. Ceccolini*, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978) and the "inevitable discovery rule." Both of these doctrines are exceptions to the exclusionary rule's bar on the admission of illegally obtained evidence. However, "rules of evidence do not govern a sentencing proceeding." *United States v. Restrepo*, 832 F.2d 146, 150 (11th

Cir.1987). Consequently, the policy embodied in the "attenuation doctrine" and "inevitable discovery rule" is inapposite to a plea agreement in which the government promises not to use certain facts against a defendant. The doctrines are entirely inapplicable to an examination of whether the government breached a Rule 11 plea agreement. The government's contention is without merit.

■ Another reason for remanding this case is the fact that the actions of the district court in this pre-Guidelines case do not bind parole officials. *See Tobon–Hernandez*, 845 F.2d at 280; *Nelson*, 837 F.2d at 1522. Instead, the actual time Boatner serves in prison will be determined by the United States Parole Commission ("the Commission"). *See* 18 U.S.C. § 4205(a).[5] Pursuant to statutory authority,[6] the Commission has established guidelines designating customary terms of confinement before a prisoner becomes eligible for parole based upon the severity of the offense and the prisoner's individual prognosis for risk of parole violation. 28 C.F.R. § 2.20. The information contained in the presentence report will be available to the Commission in making parole determinations, 28 C.F.R. § 2.20(a)(3), and the amount of cocaine involved in Boatner's offense will affect the determination of the severity of his offense behavior. *See* 28 C.F.R. § 2.20. Thus, the quantity of cocaine stated in the presentence report could be used to deny Boatner an earlier release based on the Commission's administratively promulgated rules. Therefore, the government may not include information in the presentence investigation report that contradicts the plea agreement stipulation limiting the amount of cocaine possessed by Boatner to two ounces.

---

**5.** 18 U.S.C. § 4205(a) provides that "[w]henever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term...."

This section was repealed by Pub.L. No. 98–473, 98 Stat. 2027 (1984), effective November 1, 1987. However, it remains applicable for ten years after repeal to individuals, such as Boat-

ner, who committed their offense prior to November 1, 1987.

**6.** Under 18 U.S.C. § 4203(a)(1), the Commission shall "promulgate rules and regulations establishing guidelines for the powers enumerated in ... this section and such other rules and regulations as are necessary to carry out a national parole policy...."

■ There are two remedies available to rectify the government's breach of its plea agreement. *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499. Because Boatner is entitled to specific performance of the agreement, we have the authority to remand the case for resentencing according to the terms of the agreement before a different judge. *Tobon–Hernandez,* 845 F.2d at 280 (citing *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499). We may also permit Boatner to withdraw his guilty plea. *Id.* The choice of remedies lies within our judicial discretion. *Tobon–Hernandez,* 845 F.2d at 281 (citing *Nelson,* 837 F.2d at 1525 n. 3). Boatner's request for specific performance is justified by the fact that he entered into his plea agreement freely and intelligently, and adhered to his part of the bargain. Because of his cooperation, his request should be honored. On remand, Boatner's entitlement to specific performance of the plea agreement requires that the presentence report refer only to two ounces of cocaine as stipulated. *Id.* With that instruction in mind, we vacate Boatner's sentence and remand for resentencing before another judge.

### B.

■ Boatner also argues that the government breached the plea agreement by including information in the presentence investigation report which the government obtained as a result of his cooperation. He refers to the provision in the April 6, 1990 letter agreement in which the government promised that no information provided by him, or derived therefrom, will be used against him in a criminal prosecution. Additionally, paragraph 2(b) of the plea agreement stipulates that "any information that he truthfully discloses to the government during the course of his cooperation will not be used against him, directly or indirectly...." The district court did not

make a factual determination as to whether the government used information supplied by Boatner during the cooperation phase of the investigation, nor did it afford Boatner the opportunity to raise this objection at the close of the sentencing hearing. In *United States v. Jones,* we developed guidelines to govern the conduct of sentencing hearings in this circuit. *See Jones,* 899 F.2d at 1102–1103. *Jones* instructed that objections to ultimate legal and factual conclusions should be elicited by the court following the imposition of sentence. The district court did not heed this instruction when it terminated Boatner's sentencing hearing without providing him the opportunity to voice his objections. For this additional reason, we remand this case and direct the sentencing judge to offer Boatner the opportunity to present and clarify such objections, if any.

### III.

■ Alternatively, Boatner urges that the district court erred when it failed to respond to his objection disputing the accuracy of the cocaine amounts contained in the presentence investigation report. Under Fed.R.Crim.P. 32(c)(3)(D),[7] a defendant's specific allegation of factual inaccuracies in the presentence report requires the sentencing judge either to make (1) a finding as to each controverted matter or (2) a determination that the controverted matter will not be considered for sentencing purposes. The district judge did neither in this case. In fact, he went so far as to say, "Of course, as we both realize, the Court does not have to make any findings as to the amount of drugs involved." He disregarded Rule 32(c)(3)(D)'s edict when he failed to address Boatner's objection to the accuracy of the presentence investigation report.

---

**7.** Rule 32(c)(3)(D) provides that "[i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission."

To demonstrate a technical transgression of Rule 32(c)(3)(D), all that is necessary is that an allegation of a specific factual error in the presentence investigation report was before the district court and that the sentencing judge did not make either of the alternative findings. *See United States v. O'Neill,* 767 F.2d 780, 787 (11th Cir.1985). Boatner has made this a showing. Accordingly, on remand for resentencing the sentencing judge should make specific findings in compliance with Rule 32(c)(3)(D) if Boatner renews his allegation of inaccuracy of the presentence investigation report.

### IV.

■ Turning to the forfeiture provision of the plea agreement, Boatner claims that the government failed to establish a factual basis to support the forfeiture of $50,000.00. Rule 11(f)[8] requires the trial court to determine the correctness of a defendant's plea by "making such inquiry as shall satisfy it that there is a factual basis for the plea." In *United States v. Crumbley,* 872 F.2d 975 (11th Cir.1989), we assumed without deciding that "Rule 11(f) has some application to the forfeiture part of a plea agreement...." *Id.* at 976. We based this assumption upon holdings from the Fourth and Seventh Circuits that "a defendant's concession in a plea agreement to the forfeiture of his property 'does not make it so.'" *Crumbley,* 872 F.2d at 976 (quoting *United States v. Reckmeyer,* 786 F.2d 1216, 1222 (4th Cir.), *cert. denied,* 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986); *United States v. Roberts,* 749 F.2d 404, 409 (7th Cir.1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1770, 84 L.Ed.2d 830 (1985)).

■ We now conclude that neither *Reckmeyer* nor *Roberts* is persuasive. Section 853(a) states that "[t]he court, *in imposing sentence* ... shall order, in addition to any other *sentence* imposed pursuant to this subchapter ... that the person forfeit to the United States all property described in this subsection." (Emphasis supplied). Thus, as three other circuits have held, the statutory language of § 853(a) indicates that forfeiture is a consequence of a defendant's drug activity rather than a determination of his culpability. *See United States v. Herrero,* 893 F.2d 1512 (7th Cir.), *cert. denied,* 496 U.S. 927, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990); *United States v. Hernandez–Escarsega,* 886 F.2d 1560 (9th Cir.1989); *United States v. Sandini,* 816 F.2d 869 (3d Cir.1987). *But see United States v. Elgersma,* 929 F.2d 1538, 1548 (11th Cir.) ("criminal forfeiture is not punishment, but a criminal charge to be proved like any other"), *vacated, reh'g en banc granted,* 938 F.2d 179 (11th Cir.1991). Consequently, a forfeiture provision in a Rule 11 agreement is not a plea to a substantive charge, but a sanction to which the parties agree as a result of the defendant's plea. Because Rule 11(f) is applicable only to guilty pleas, we hold that a sentencing judge is not required under Rule 11 to determine whether there is a factual basis for a defendant's concession to a criminal forfeiture pursuant to his plea bargain with the government.

In this case, Boatner agreed to forfeit $50,000.00 following his plea of guilty to possession and distribution of cocaine in return for the government's promise not to seek forfeiture of any real or personal property. This agreement represents a bargained for exchange between the parties which must be adhered to by both sides. We therefore affirm the order of forfeiture.[9]

---

8. Rule 11(f) states in full that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

9. Boatner also contends that the order requiring him to forfeit $50,000.00 violated the Double Jeopardy Clause because it was imposed after the district court passed sentence. This argument lacks merit. *See United States v. Halper,* 490 U.S. 435, 450, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) ("Where ... a legislature specifically authorizes cumulative punishment under two statutes ... the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial") (quoting *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)).

## V.

For the foregoing reasons, we VACATE Boatner's sentence and REMAND to the district court for resentencing before a different judge, with instructions to make specific findings pursuant to Rule 32(c)(3)(D) if required and to elicit specific objections from the parties after imposition of sentence.

## APPENDIX

The April 6, 1990 letter agreement states in pertinent part:

The government will:

1. Draft an information charging a violation of Title 21, United States Code, Section 841(a)(1), distribution of less than 500 grams of cocaine occurring on or about October 10, 1982. Stipulate that this is a pre-Sentencing Guidelines case and agree with defendant that for sentencing purposes, two ounces of cocaine is the only quantity that should be considered.

2. Not charge your client with any other offense arising out of his involvement with the possession and distribution of cocaine from on or about January 1986 through June 1988....

\* \* \* \* \* \*

Your client agrees to:

a. Enter a guilty plea....

b. Provide full, complete and candid cooperation ... No information provided by your client during the cooperation phase of this agreement, nor any information derived therefrom, will be used against him in a criminal prosecution.

\* \* \* \* \* \*

d. Pursuant to Title 21, United States Code, Section 853, agree to the following asset forfeitures:

1. $50,000.00 cash representing proceeds of the sale of cocaine and the value of property used to facilitate the commission of the offense to which he is offering to plead guilty. This amount is in lieu of any forfeiture of real or personal property forfeitable under Title 21....

The December 19, 1990 plea agreement provides:

1. Upon entering a plea of guilty by the defendant to the Information charging a violation of Title 21, United States Code, Section 841(a)(1) ... the attorney for the Government will do the following:

a. Not charge defendant with any other offense arising out of his involvement with the possession and distribution of cocaine from on or about January 1986 through June 1988.

\* \* \* \* \* \*

d. Stipulate that this is a pre-Sentencing Guidelines case and agree that, for sentencing purposes, 2 ounces of cocaine is the only quantity to be considered.

\* \* \* \* \* \*

2. COOPERATION PROVISION

a. The defendant agrees to cooperate fully....

b. Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation will not be used against him, directly or indirectly....

\* \* \* \* \* \*

3. FORFEITURES

The defendant agrees, pursuant to the provisions of Title 18, United States Code, Section 853(a)(1) and 853(a)(2), to forfeit to the United States his interest in the sum of $50,000.00 representing proceeds of the sale of cocaine and the value of property used to facilitate the offenses to which he is pleading guilty. This amount is in lieu of any forfeiture of any real or personal property....

4. The defendant, before entering a plea of guilty to the Information as provided for herein by said Plea Agreement, advises the Court that:

\* \* \* \* \* \*

h. [I]t is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that af-ter the entry of the guilty plea, he has no absolute right to withdraw the plea. . . .