[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15720
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00069-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID RALPH CONDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

David Ralph Condon appeals his 37-month sentence for conspiracy to

defraud the United States by impeding the collection of income tax, in violation of 18 U.S.C. § 371. In his plea agreement, Condon admitted that the government could prove beyond a reasonable doubt that the United States suffered approximately $114,000 of tax loss for the years 2001-2005. He further admitted that the government could prove "other facts" beyond a reasonable doubt. In the agreement, the government also reserved the right to present additional evidence. The plea agreement also included a sentence appeal waiver in which Condon waived the right to appeal his sentence on any grounds except (a) the ground that his sentence exceeded the applicable Guidelines range as determined by the district court pursuant to the Sentencing Guidelines; (b) the ground that his sentence exceeded the statutory maximum penalty; or (c) the ground that his sentence violated the Eighth Amendment. In the waiver provision, Condon specifically waived the right to challenge his sentence on the ground that the district court erred in determining the applicable Guidelines range. The agreement released Condon from his waiver if the government exercised its right to appeal the sentencing determination.

When calculating Condon's Guidelines range, the district court, with the government's support, held Condon accountable for approximately $300,000 in losses, counting both the amount of unpaid taxes and the related penalties and

2

interest.  Condon objected to being held accountable for the greater amount, but did not assert that the government was in breach of the plea agreement.

I.

On appeal, Condon argues that he only admitted an amount of loss of approximately $114,000, but was held accountable for almost $300,000.  He maintains that the government was responsible for including the amount of penalties and interest in the amount of loss in the plea agreement and asserts that he is entitled to specific performance of the plea agreement as written.  Condon argues that his sentence increase violated the Sixth Amendment because it was based on facts relating to the loss calculation that the government did not prove to a jury and he did not admit.  He also argues that his restitution order was erroneous because it was based on an amount greater than the amount to which he agreed in the plea agreement.  Thus, Condon asserts that his sentence was procedurally unreasonable.

Allegations that the government breached the plea agreement that were not raised before the district court are reviewed for plain error.  United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000).  Plain error requires the defendant show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." United States v. Taylor, 77 F.3d 368, 370 (11th Cir.1996) (citing Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971)).  Whether a plea agreement was violated is determined according to the defendant's reasonable understanding when he entered the plea.  United States v. Horsfall, 552 F.3d 1275, 1281 (11th Cir. 2008), cert. denied, 129 S. Ct. 2034 (2009).  To honor a plea agreement, the government may be required to curtail the otherwise legitimate scope of its advocacy.  See Taylor, 77 F.3d at 370-71.  The government can breach a plea agreement by making statements regarding the PSI that are inconsistent with the plea agreement.  Id. at 370.

A sentence appeal waiver is enforceable when the government can show that either: (1) the district court specifically questioned the defendant about the rights he has waived during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of waiving his rights.  United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).  An appeal waiver must be made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir 1993).  For a waiver to be knowing and voluntary, the district

4

court generally must have discussed the sentence appeal waiver with the defendant during the Rule 11 hearing. Id. at 1350-51.

Condon's plea is governed by an agreement that excludes any appeal of his sentence except on specified grounds. Condon does not argue his waiver was unknowing or involuntary. Moreover, the record indicates that the district court specifically questioned Condon about the effect of his appeal waiver during the plea colloquy. Therefore, Condon's appeal waiver is enforceable unless he can establish grounds for invalidating the plea agreement.

Condon cannot show any error, much less plain error, in his contention that the government breached the plea agreement. Condon argues, in effect, that because the factual basis for the plea stated that the amount of income taxes owed for the years 2001-2005 was approximately $114,000, the loss calculation for Guidelines purposes was necessarily limited to that amount. The agreement, however, contains no stipulation on the government's part as to the loss amount for sentencing purposes. It is true that the government supported the statement in the PSI that the loss amount for the Guidelines calculation was approximately $300,000, but the government's position with respect to the calculation is not at odds with the plea agreement. In United States v. Boatner, 966 F.2d 1575, 1578-79 (11th Cir. 1992), this Court held that the government breached the plea

agreement by introducing evidence through the PSI showing that the defendant had been involved with almost three kilograms of cocaine, after stipulating in the plea agreement the defendant was only culpable for distributing two ounces of cocaine. Unlike the situation in Boatner, the government did not introduce evidence of further substantive conduct on Condon's part. Instead, it simply supported the Probation Office's finding that the proper loss amount for sentencing purposes for the agreed upon amount of unpaid taxes included penalties and interest. Because that position is not at odds with the plea agreement, the government did not breach the plea agreement. Therefore, the plea agreement and the sentencing waiver contained therein are enforceable.

Because the grounds on which Condon challenges his sentence are not contained in the enumerated exceptions in the plea agreement, he has waived those arguments.[1]

## II.

Condon argues that he is entitled to credit for time served before sentencing. He acknowledges that he was required to exhaust administrative remedies and that the record does not demonstrate that he did so.

---

[1] We note that the plea agreement contains a specific waiver of the argument that the district court improperly calculated the applicable Guidelines range.

The district court lacks jurisdiction to address proper calculation of credit for time served until a prisoner exhausts administrative remedies. <u>United States v. Herrera</u>, 931 F.2d 761, 764-65 (11th Cir. 1991). Because the record does not show that Condon exhausted his administrative remedies in this regard, the district court lacked jurisdiction to address what credit Condon was entitled to receive.

After careful review of the record and the parties' briefs, we discern no error. Accordingly, we affirm Condon's sentence.

**AFFIRMED.**