[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14205
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00537-CR-RDP-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS NEAL LYNN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 8, 2010)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Neal Lynn, Jr., appeals his 78-month sentence for bank robbery, in

violation of 18 U.S.C. § 2113(a). Lynn was originally sentenced as a career

offender to 151 months' imprisonment based upon a plea agreement that included

an appeal waiver, which waived his right to appeal or collaterally challenge his

conviction or sentence. We dismissed Lynn's direct appeal of his original

sentence, affirming his guilty plea and finding his appeal waiver knowing and

voluntary. Lynn subsequently filed a *pro se* motion to vacate his sentence under

18 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel,

that his plea was not knowing and voluntary, and that he should not have been

sentenced as a career offender. The district court granted the motion in part, ruling

that Lynn was improperly sentenced as a career offender, but that he was not

entitled to further relief. The district court re-sentenced Lynn to 78 months'

imprisonment, the high end of the new guidelines range applicable to Lynn as a

non-career offender.

Lynn raises two issues in this direct appeal of his new sentence: (1) that the

government breached his plea agreement by requesting a sentence above the low

end of the guidelines range at re-sentencing and (2) that his 78-month sentence is

unreasonable.[1]

---

[1]     Lynn also raises a third issue on appeal: whether a certificate of appealibility ("COA") is required to perfect the appeal of the district court's partial denial of his § 2255 petition. However, despite Lynn's representation that he intends to appeal the denial of his § 2255 petition and acknowledgment that to do so requires our grant of a COA, he concedes that there has been no "substantial showing of the violation of a constitutional right," 28 U.S.C. §

I.    Breach of Plea Agreement

Whether the government has breached a plea agreement is a question of law that we review *de novo*. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998). However, if the defendant did not object to the alleged breach below, then we review only for plain error. *Puckett v. United States*, __ U.S. __, 129 S. Ct. 1423, 1428–29 (2009). Lynn concedes that plain error review should apply here. Plain error requires the defendant to show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). For an error to affect substantial rights, it must be prejudicial. *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). In the context of an alleged governmental breach of a plea agreement, the question of prejudice does not relate to whether the defendant would have entered into the plea, but rather, whether his sentence was affected by the government's breach. *Puckett*, __ U.S. __, 129 S. Ct. at 1432–34 & n.4.

Lynn argues that the government breached his plea agreement by recommending a sentence at the high end of the guidelines at re-sentencing. Lynn

---

2253(c)(2), and recommends that we refuse to grant his COA. Because Lynn did not proffer any basis for our granting a COA in his case, we adopt his recommendation and decline to issue him one. Therefore, we need not address the government's argument that Lynn's notice of appeal was insufficient to evidence his intent to appeal the district court's order partially denying his § 2255 relief.

asserts that he had a reasonable expectation that the government would take the same position at re-sentencing as it had at his original sentencing hearing and recommend a sentence at the low end of the guidelines. According to Lynn, this breach affected his substantial rights because he would have received a more favorable sentence but for the government's sentencing arguments before the district court.

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir.1996). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992). As part of Lynn's plea agreement, the government agreed to recommend a sentence "at the low end of the guidelines range" though reserving "the full right of allocution." At re-sentencing, the government reminded the district court that it was obligated by the plea agreement to recommend a sentence at the low end of the guidelines range, but nonetheless argued that (1) the non-career-offender guidelines range in the PSI did not reflect an adequate or reasonable sentence for someone who had committed four bank robberies, (2) that the court should consider this inadequacy as a § 3553(a) sentencing factor, and (3)

4

that although the prosecutor was not asking for Lynn to be sentenced as a career offender, it was requesting the court to impose a reasonable sentence in light of Lynn's criminal history.

It was entirely reasonable for Lynn to understand the government's promise to recommend a low-end-of-the-guidelines sentence as including a promise that the government would not advocate reasons for departing from that recommendation. *See Taylor*, 77 F.3d at 370. The government's comments at sentencing may breach the promises contained in a plea agreement even when the prosecutor's words do not explicitly call for the forbidden result. *See id.* at 370 ("Advocacy of a position requiring a greater sentence is flatly inconsistent with recommendation of a lesser sentence."); *United States v. Rewis*, 969 F.2d 985, 987–88 (11th Cir. 1992) (holding that the prosecutor's arguments suggesting a harsh sentence breached the government's promise in the plea agreement "not to recommend what sentence should be imposed"). Moreover, merely paying "lip service" to a plea agreement does not satisfy the government's obligation under a plea agreement to make a particular sentencing recommendation. *Taylor*, 77 F.3d at 371. By advocating for a higher sentence based on Lynn's criminal history, in contradiction to its promise to recommend a low-end-of-the-guidelines sentence, the government was merely paying lip service to the plea agreement, resulting in the breach of its sentencing

contract with Lynn.

However, Lynn cannot establish that this breach affected his substantial rights and thus cannot satisfy the third and fourth prongs of our circuit's plain-error review. The record reflects that, in its order setting Lynn's re-sentencing hearing, the district court gave notice to Lynn and the government of its intent to consider an upward departure from the sentencing guidelines based on the inadequacy of Lynn's criminal history without the career offender enhancement. And at re-sentencing, the district court acknowledged its understanding that the government had recommended a sentence at the low-end of the guidelines but concluded that this case was not a low-end-of-the-guidelines case. In light of the record evidence that the district court, in its own discretion, viewed this case as warranting a sentence above the low-end of the modified guidelines, Lynn has not shown that but for the government's arguments he would have received a more favorable sentence. *See Puckett*, __U.S.__, 129 S. Ct. at 1432–34 & n.4. Accordingly, we affirm Lynn's sentence on this ground.

## II. Reasonableness of Sentence

Despite our Court's prior finding that Lynn's appeal waiver was knowingly and voluntarily made, he attempts to appeal to our Court for review of the reasonableness of his sentence. *See United States v. Bushert*, 997 F.2d 1343, 1351

(11th Cir. 1993) ("for a waiver to be effective it must be knowing and voluntary"). Lynn argues that because he was originally improperly sentenced, an ambiguity exists regarding whether the appeal waiver has been waived or severed from the plea agreement. According to Lynn, this ambiguity should be construed in his favor to allow him to challenge the reasonableness of the sentence imposed by the district court at re-sentencing. In light of our prior resolution of the validity of Lynn's appeal waiver, the law-of-the-case doctrine prohibits our reconsideration of this issue.

Under the law of the case doctrine, we are bound by findings of fact and conclusions of law that we made in a prior appeal of the same case unless one of the following exceptions applies: (1) new evidence is presented, (2) there has been an intervening change in controlling law, or (3) the prior appellate decision is clearly erroneous and would result in manifest injustice if implemented. *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510 (11th Cir. 1987) (en banc). Lynn cannot show that any of these exceptions to the law-of-the-case doctrine apply so as to permit our reconsideration of the validity of his sentence-appeal waiver. We have recognized that a valid appeal waiver even waives the right to appeal "difficult or debatable issues or even blatant error." *United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir. 2005) (internal quotation and citation omitted).

Therefore, Lynn's appeal waiver precludes him from challenging the reasonableness of his sentence. Accordingly, with respect to Lynn's challenge to the reasonableness of his sentence, we dismiss his appeal.

**AFFIRMED IN PART, DISMISSED IN PART.**