[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11258
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80083-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID WILSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

David Wilson appeals his 110-month sentence after pleading guilty to

conspiracy to import at least 100 kilograms of marijuana into the United States, in

violation of 21 U.S.C. §§ 960(b)(2)(G) and 963, and conspiracy to possess with intent to distribute at least 100 grams of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii) and 846.  Wilson claims that his sentence must be vacated because the government breached the terms of his plea agreement when it advocated for an aggravating role enhancement at sentencing.

Upon conviction, Wilson faced a sentencing guideline range of 110 to 137-months imprisonment based on a total offense level of 28 and a criminal history category of IV.  The Probation Office's Presentence Investigation Report (PSI) calculated Wilson's base offense level according to the government's recommendation that his "offense involv[ed] conspiracy to import at least 100 kilograms but less than 400 kilograms of marijuana," and its recommendation that he receive a combined three-level reduction for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1. The calculations also included the Probation Office's determination that Wilson qualified for a three-level enhancement under § 3B1.1(b) for having been "a manager or supervisor (but not an organizer) [of] the criminal activity."  At Wilson's sentencing hearing, the government advocated for application of the aggravating role enhancement.  The district court overruled Wilson's objection to the enhancement and sentenced Wilson to 110-months imprisonment on each of the conspiracy charges, to be served concurrently, based on the guidelines calculations laid out in the PSI.

2

For the first time on appeal, Wilson argues that the government breached his plea agreement by advocating for the aggravating role enhancement.[1]  Where a defendant fails to object to an alleged breach of a plea agreement before the district court, our review is for plain error only.  United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).  "We note plain error if (1) error occurred, and (2) the error is plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  Id.

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty."  United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996).  "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea."  United States v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992).  However, "we cannot enforce an agreement that was never agreed on with specificity."  United States v. Al-Arian, 514 F.3d 1184, 1193 (11th Cir. 2008) (quotation marks omitted).

Wilson's argument that the government breached the terms of his plea agreement amounts to an assertion that because the government agreed to stipulate to the quantity of marijuana involved in his offense, and agreed to recommend that

---

[1]  The government argues first that Wilson forfeited this claim by failing to raise it at his sentencing hearing.  We need not address the forfeiture issue because, for reasons explained, Wilson's claim fails on the merits.

3

he receive up to a three-level reduction in his offense level for accepting responsibility, "[i]t was reasonable for [him] to believe that these recommendations were to the exclusion of any other guideline recommendation." We are not persuaded. Under the express terms of the plea agreement, in exchange for Wilson pleading guilty to the two conspiracy charges, the government was obligated to "recommend at sentencing that the court reduce by [at least] two levels the sentencing guideline level applicable to [Wilson's] offense" based on Wilson's acceptance of responsibility, and to recommend that the "quantity of [marijuana] involved in the offense . . . [was] at least 100 kilograms but less than 400 kilograms." The government fulfilled each of these obligations. The plea agreement did not state that the government would avoid pursuing otherwise applicable guidelines enhancements at sentencing; indeed, it reserved the government's "right to make any recommendation as to the quality and quantity of punishment," "[s]ubject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement." Further, the agreement included an integration clause stating that "[t]his is the entire agreement and understanding between the United States and the defendant," and that "[t]here are no other agreements, promises, representations, or understandings."

The express contemplation of possible guidelines enhancements, coupled with the integration clause means that Wilson could not reasonably have assumed

4

that the government would not advocate for an aggravating role enhancement at sentencing, if applicable.  See Al-Arian, 514 F.3d at 1192–93 (noting the inclusion of an integration clause in the plea agreement to reject the appellant's argument that the government implicitly agreed to certain terms).  Therefore, the government did not breach the terms of the plea agreement.

For these reasons, Wilson's sentence is

**AFFIRMED.**