[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17146
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00324-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL LERMOS-HERNANDEZ,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 17, 2017)


Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Michael Lermos-Hernandez appeals his 199-month sentence imposed after he agreed to plead guilty to conspiracy to commit bank fraud[1] and aggravated identity theft.[2] He argues on appeal that the government breached the plea agreement because it did not consider whether his cooperation efforts qualified as substantial assistance that would merit the filing of a motion to sentence him below the guideline range.[3] His claim is based on the government's statement at sentencing that the cooperation provision was included at Lermos-Hernandez's request and "not because the government thought it was viable."

The claim that the government breached the plea agreement is unsupported by any evidence in the record. The eight-word phrase that provides the entire basis for Lermos-Hernandez's argument—"not because the government thought it was viable"—does not bolster his claim. In fact, the record supports the opposite conclusion that the government *did* consider his cooperation efforts. Therefore, after thorough review, we affirm.

I.

We review whether the government has breached a plea agreement *de novo*. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). The government must abide by a material promise in a plea agreement that induces a defendant to

---

[1] 18 U.S.C. §§ 1344, 1349.
[2] *Id.* § 1028A.
[3] *See id.* § 3553(e); U.S. Sentencing Guidelines Manual § 5K1.1.

plead guilty.  *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996).  If the government fails to perform a promise on which the plea was based, it breaches the agreement.  *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016).

Whether the government breached the agreement is "judged according to the defendant's reasonable understanding at the time he entered his plea."  *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992).  We apply an objective standard to determine whether the government's actions comport with "the defendant's understanding of the plea agreement."  *Hunter*, 835 F.3d at 1324.

## II.

Lermos-Hernandez was indicted and arrested for theft and credit card fraud in 2013.  He promised the government repeatedly that he would cooperate and provide information related to major drug cases if he were released on bond.  In October 2013, he was released on bond.  In November, however, Lermos-Hernandez cut off his ankle monitoring bracelet and absconded from his home.  He went on to commit more crimes of theft and fraud involving more than $100,000 before he was re-arrested about thirteen months later in December 2014.

In March 2016, Lermos-Hernandez pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft.  In his plea agreement, Lermos-Hernandez agreed to "cooperate fully with the United States in the investigation and prosecution of other persons" by providing "a full and complete disclosure of

3

all relevant information." If he completed his cooperation before his sentencing hearing, the government agreed to consider whether it qualified as substantial assistance.[4] At his plea hearing, the magistrate judge emphasized to Lermos-Hernandez that the government was merely agreeing to *consider* filing the motion and not promising to do so. Lermos-Hernandez indicated that he understood this.

The government did not file a motion to lower Lermos-Hernandez's sentence because it determined that his cooperation was not substantial assistance. The government claimed that Lermos-Hernandez's cooperation was an attempt to "manipulate the United States" and use the "mirage of cooperation" to his advantage. Lermos-Hernandez never told "the complete story," instead only telling the government information it already knew. In fact, one of the co-conspirators that Lermos-Hernandez agreed to provide information about was already known to the government because he had first assisted the government in apprehending Lermos-Hernandez. But when asked about the unknown people who helped him break into a mall, Lermos-Hernandez refused to provide their names.

At sentencing, Lermos-Hernandez argued that his cooperation should be reflected in a sentence below the guideline range. The government responded by

---

[4] If the government determined Lermos-Hernandez's cooperation constituted substantial assistance, it could file a motion recommending either a downward departure from his sentencing guideline range, U.S. Sentencing Guidelines Manual § 5K1.1, or the imposition of a sentence below a statutory minimum. 18 U.S.C. § 3553(e). Notably, both § 5K1.1 and § 3553(e) give the government "a power, not a duty, to file a motion when the defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992).

describing the circumstances of his cooperation and stating that the cooperation provision in the plea agreement "was provided because [Lermos-Hernandez] asked for it, not because the government thought it was viable." The District Court sentenced Lermos-Hernandez to 199 months, which it acknowledged was at the "high end" of the guideline range. He timely appealed.

### III.

On appeal, Lermos-Hernandez argues the government breached the plea agreement because its statement that the cooperation provision was included because he asked for it, "not because the government thought it was viable," shows that the government did not consider whether he substantially assisted. There is no other support for this contention. Indeed, there is evidence that the government *did* in fact consider whether Lermos-Hernandez's cooperative efforts constituted substantial assistance. Therefore, Lermos-Hernandez's argument must fail.

Lermos-Hernandez's contention is not supported by the government's statement in the first place. The government stated the cooperation provision was included in the plea agreement because Lermos-Hernandez asked for it. The phrase "not because the government thought it was viable" explains that its viability was not the reason for including the provision. It does nothing to explain whether or not the government *thought* it was viable. Without this, Lermos-

5

Hernandez can offer no evidence showing the government thought the cooperation provision was not viable at the time of the plea agreement.

Even assuming *arguendo* that the government believed the provision to be inviable, there still is no evidence to show that the government refused to consider whether Lermos-Hernandez's cooperation efforts constituted substantial assistance. On the contrary, the evidence shows that the government *did* actually consider this. At the sentencing hearing, the government described Lermos-Hernandez's cooperation efforts in detail, showing that he only offered information already known to the government while concealing information that would have assisted. The description of his cooperation efforts and the evaluation of their quality suggest that their merits were considered by the government.

No evidence supports Lermos-Hernandez's contention that the government breached his plea agreement. The single spoken clause he latches onto in support of his argument—"not because the government believed [the cooperation provision] was viable"—does not help. The record indicates that the government actually *did* consider whether Lermos-Hernandez's cooperation constituted substantial assistance. The government concluded that it did not, and accordingly it did not file a motion to support reducing his sentence. Therefore, the plea agreement was not breached. We affirm.

**AFFIRMED.**

6