[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10823

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NOEL ARIKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00139-JB-MU-12

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Noel Arike appeals his 57-month prison sentence for conspiracy to commit money laundering. On appeal, he argues that the government breached his plea agreement when it used information obtained from him pursuant to his proffer agreement and the denial of a recommendation for an acceptance-of-responsibility reduction constituted a breach of the proffer agreement and the plea agreement by the government.[1]

Provided that the defendant properly objects before the district court, as Arike has done here, "we review de novo whether the government has breached" a plea or proffer agreement. *United States v. Malone*, 51 F.4th 1311, 1318 (11th Cir. 2022); *United States v. Hill*, 643 F.3d 807, 874 (11th Cir. 2011). And "[t]he construction of proffer agreements, like plea agreements, is governed generally by the principles of contract law, as we have adapted it for the purposes of criminal law." *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998); *see also United States v. Blanco*, 102 F.4th 1153, 1163 (11th Cir. 2024) (using precedent regarding plea-agreement construction to interpret a proffer agreement).

---

[1] In his opening brief, Arike also argues that the district court clearly erred in revoking his pre-sentence release based on information obtained from the cellphone he provided pursuant to the proffer agreement. Upon the government's motion, we dismissed this claim for lack of jurisdiction. *United States v. Arike*, No. 23-10823, 2024 WL 729012, at *1 (11th Cir. Feb. 22, 2024).

"The government is bound by any material promises it makes to a defendant" in a plea agreement. *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008) (quoting *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996)). "'Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea,'" rather than by reading the agreement in a "hyper-technical" or "rigidly literal" way. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016) (first quoting *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992); and then quoting *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992)).

We have stated that "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). A plea agreement "must be construed in light of the fact that it constitutes a waiver of 'substantial constitutional rights' requiring that the defendant be adequately warned of the consequences of the plea." *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990) (quoting *In re Arnett*, 804 F.2d 1200, 1203 (11th Cir. 1986)). When a defendant's entry into a plea agreement is based significantly on a promise by the government such that the promise can be said to have induced the defendant's guilty plea, the government must fulfill that promise. *Santobello v. New York*, 404 U.S. 257, 262 (1971).

When the government makes a promise regarding a sentencing recommendation but retains the right to disclose other information to the court, it does not break the promise if it later

discloses information that undercuts the recommendation.  *See, e.g.*, *Horsfall*, 552 F.3d at 1282–83 (holding that the government presenting victim impact statements at sentencing did not violate an obligation not to recommend an upward departure).  However, the government may not merely pay "lip service" to the agreement and may not engage in conduct completely incompatible with the agreement's terms.  *United States v. Taylor*, 77 F.3d 368, 370–71 (11th Cir. 1996) (quoting *United States v. Canada*, 960 F.2d 263, 269 (1st Cir. 1992)) (holding that the government had breached plea agreement by advocating for presentence-investigation-report calculations resulting in mandatory guideline range that was longer than the agreement's sentence).

Here, the government did not breach its plea agreement or proffer agreement with Arike by relying on evidence obtained pursuant to the proffer agreement in advocating against a reduction for acceptance of responsibility.  The proffer agreement permitted the government broad discretion in its use of the information obtained pursuant to the agreement, and the plea agreement did not preclude the government from advocating against a reduction.

The proffer agreement provides only that any statements made by Arike as part of the proffer could not be used against him "in any criminal case during the United States' case in chief," and it expressly stipulated that the government could "make derivative use of and may pursue any investigative leads" based on those statements.  The government didn't use any of Arike's statements against him during its chief at trial, and the agreement didn't

prohibit the government from using the information otherwise, such as by offering it at sentencing as evidence that Arike had engaged in continued criminal activity after his arrest on the instant charge.

As for the plea agreement, it didn't obligate the government to advocate for an acceptance-of-responsibility reduction, so the government didn't breach the agreement in failing to do so. *See Horsfall*, 552 F.3d at 1282–83. Nor was the government precluded from objecting to such a reduction, as the plea agreement is silent as to acceptance of responsibility. *See id.* The plea agreement required only that the government (1) not charge Arike based on information obtained pursuant to Arike's cooperation and (2) recommend a sentence at the low end of the guideline range—both of which the government did. Accordingly, the government did not breach the plea agreement by opposing an  acceptance-of-responsibility reduction.

**AFFIRMED.**