[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13432

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ZAC DEMYERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00044-MLB-RDC-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Zac DeMyers appeals his 57-month sentence following his conviction for one count of conspiracy to make false statements in connection with the purchase and unlawful export of firearms from the United States. DeMyers argues that the government breached his plea agreement by arguing for, and providing evidence for, a higher base offense level than the one it promised to recommend.

We review whether the government breached a plea agreement *de novo*. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). We will affirm the district court's factual findings on the scope of the plea agreement unless they are clearly erroneous. *Id.* at 1105.

When a guilty plea rests "in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Id.* (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)) (quotation mark omitted). Thus, the government is bound by any material promise that induces the defendant to plead guilty. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). Ultimately, we must consider whether the government's actions were inconsistent with the defendant's reasonable understanding of the agreement. *Id.* The government cannot pay mere "lip service" to the agreement nor engage in conduct completely incompatible with the agreement's terms. *United States v. Taylor*,

23-13432                Opinion of the Court                3

77 F.3d 368, 371 (11th Cir. 1996) (citing *United States v. Canada*, 960 F.2d 263, 269 (1st Cir. 1992)).  We have found that the government breaches the plea agreement when a defendant reasonably relies on a promise within the agreement and the government "advocated a position taken in the PSI that was incompatible with fulfillment of the promise." *Id.*

However, "[t]he solemnization of a plea agreement does not preclude the government from disclosing pertinent information to the sentencing court." *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992).  When the government makes a promise regarding a sentencing recommendation but retains the right to disclose other information to the court, it does not break the promise if it later discloses information that undercuts the recommendation. *See e.g.*, *United States v. Horsfall*, 552 F.3d 1275, 1282-83 (11th Cir. 2008) (allowing the government to present victim impact evidence when the plea agreement authorized it to inform the court of "all facts pertinent to the sentencing process").  The government has a duty to ensure "that the court has complete and accurate information concerning the defendant, thereby enabling the court to impose an appropriate sentence." *United States v. Block*, 660 F.2d 1086, 1091 (5th Cir. Unit B. Nov. 1981).[1]

In *United States v. Johnson*, we held that the government violated the plea agreement because rather than just answering the

---

[1] Decisions issued by Unit B of the former Fifth Circuit are binding precedent in the Eleventh Circuit.  *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

court's questions, the government "abandoned the agreement" and "became an enthusiastic advocate for a 'fact' at odds" with the stipulated facts.    132 F.3d 628, 630-31 (11th Cir. 1998) ("This case [was] not one in which [the government was] subject to much pointed probing by the district judge, ultimately prying information from the [government] contrary to the plea agreement.").

Here, we conclude that the government did not breach the plea agreement because the plea agreement explicitly provided that both parties had the right to inform the court and probation office of all the facts and circumstances of the case.  The government did not abandon the agreement when it stated the higher base offense level was accurate because, even though the information ultimately undermined its recommendation, the government was answering the court's questions and giving the court information about the case.  *C.f. Johnson*, 132 F.3d at 630-31; *see e.g., Horsfall*, 552 F.3d at 1282-83.

**AFFIRMED.**